■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FRISCH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to one count of kidnapping in the second degree in full satisfaction of all pending charges. He was sentenced in accordance with his plea bargain to an indeterminate 2- to 6-year prison term. On appeal, defendant contends that his conviction should be reversed because mental examinations conducted by the Monroe County Mental Health Clinic did not conform to the statutory provisions of CPL article 730 which governs fitness to proceed. The requirements for an examination under CPL article 730 have no application to a mental examination under the Mental Hygiene Law. Furthermore, defendant never requested to be examined pursuant to CPL article 730. The defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon before the commencement of trial, if the court is satisfied from the available information that there is no proper basis for questioning defendant's sanity *(People v Armlin,* 37 NY2d 167, 171). The mental hygiene reports indicated defendant was competent to proceed, but was in need of treatment from the clinic. There is nothing in the record to indicate to the court that there was a reasonable ground for believing that defendant was in such a state of insanity that he was incapable of understanding the charge, indictment or proceeding; hence, there was no duty on

the part of the court *sua sponte* to direct that defendant be examined pursuant to CPL article 730 *(cf. People v Armlin, supra)*. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—kidnapping, second degree.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.