■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK E. GARCIA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Rienzi, J.), both rendered February 6, 1987, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts) under indictment No. 2786/85, and criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree under indictment No. 2845/85, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant claims, *inter alia,* that he was deprived of a fair trial by the alleged ineffective assistance of his trial counsel. Furthermore, the defendant contends that the trial

court erred in failing to conduct, *sua sponte,* a competency hearing pursuant to CPL article 730 given the fact that the court was made aware of his allegedly deteriorating medical condition. We conclude otherwise and affirm.

It is well settled that in analyzing a claim of ineffective assistance of counsel, we must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi,* 54 NY2d 137, 146-147; *see also, People v Satterfield,* 66 NY2d 796, 798). Moreover, "[t]he right to counsel was not intended to afford a defendant, aided by the wisdom of hindsight, to second guess matters of trial strategy employed by counsel" *(People v Aiken,* 45 NY2d 394, 399; *People v Sullivan,* 153 AD2d 223, 227; *see also, People v Rivera,* 70 NY2d 705; *People v Benn,* 68 NY2d 941). Counsel's performance must be viewed "in its entirety, in conjunction with the evidence, the law, and the circumstances of the case" *(see, People v Vanterpool,* 143 AD2d 282; *People v Baldi, supra,* at 147).

Contrary to the defendant's contentions, a review of the record discloses that he was not deprived of the effective assistance of counsel. Although the defendant, with counsel's assistance, complained during trial about (1) the food he was receiving, (2) alleged inadequate medical attention, and (3) the late hour at which he was being returned to the Rikers Island facility during the trial, he never suggested that his physical condition deprived him of the ability to understand the proceedings against him or prevented him from assisting in his own defense *(see,* CPL 730.10 [1]; *People v Picozzi,* 106 AD2d 413). Moreover, the record reveals that in response to the defendant's complaints the court arranged a special examination for him outside the prison facility at Kings County Hospital and subsequently conferred with the defendant's treating physicians in order to ascertain the status of his health. Further, the court promised to speak to the correction authorities in order to alleviate the defendant's remaining complaints.

Accordingly, and insofar as the record discloses, there is no evidence supporting the defendant's present contention that the trial court erred in declining, *sua sponte,* to conduct a competency hearing and, moreover, no basis to assume that trial counsel's representation was ineffective because he failed to request such a hearing *(cf., People v Mettler,* 147 AD2d 849). As to the defendant's remaining assertions of ineffective representation, many of which involve matters which are dehors the record, we note again that true ineffectiveness should not

be confused with losing tactics, and we decline to accord undue significance to hindsight analysis in review of trial counsel's performance *(see, People v Baldi, supra,* at 146; *People v Sullivan, supra,* at 227; *People v Satterfield, supra; People v Vargas,* 150 AD2d 513, 514).

The defendant's contention that the court erred in charging the jury with respect to agency is unpreserved for appellate review since no objection was registered at trial *(see,* CPL 470.05 [2]; *People v Velez,* 150 AD2d 514, 515; *People v Gayles,* 122 AD2d 222; *People v Bristow,* 106 AD2d 510). Similarly unpreserved is the defendant's contention that the court erred in failing *sua sponte* to charge the jury with respect to the defense of entrapment. In any event, there was no reasonable view of the evidence which would have supported such a defense *(see, People v Jones,* 107 AD2d 714, 715-716).

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Suitte,* 90 AD2d 80; *see also, People v Benyon,* 158 AD2d 609). Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.