■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJO RODRIGUEZ, Appellant.—Judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on January 3, 1986, which convicted defendant, after a plea of guilty, of two counts of murder in the second degree (Penal Law § 125.25 [1]), two counts of murder in the second degree (Penal Law § 125.25 [3]), one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), three counts of robbery in the first degree (Penal Law § 160.15 [1]), six counts of robbery in the first degree (Penal Law § 160.15 [2], [4]), three counts of robbery in the second degree (Penal Law § 160.10 [1]), one count of assault in the first degree (Penal Law § 120.10 [1]), one count of assault in the first degree (Penal Law § 120.10 [4]), one count of criminal possession of a weapon in the second degree (Penal Law § 265.03), and one count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and sentencing him to four 18-to-life, six 12½-to-25, four 8⅓-to-25, six 5-to-15 and one 2⅓-to-7-year indeterminate prison terms, all terms to be served concurrently, is unanimously affirmed.

On September 26, 1985, at 11:55 A.M., defendant and an accomplice entered a jewelry store and forced the three employees to lay down on the floor. The accomplice emptied the safe of $250,000 worth of gold and diamonds. The defendant went through the victims' pockets and then shot them at point-blank range. Two died.

The same Judge presided over the plea proceeding and sentencing. At the end of the plea proceeding she ordered a psychiatric report of the defendant. On January 3, 1986, after

receiving the psychiatric report, she sentenced the defendant to indeterminate terms, the maximum of which was 18 years to life.

Defendant asserts that he did not have sufficient mental competency to enter an informed plea of guilty. Thus, because he was not granted a competency hearing, he urges his sentence must be vacated. We find this claim to be without merit.

Under CPL 730.30 (1), a competency hearing must be ordered by the court at any time between arraignment and sentencing when it is of the opinion that a defendant lacks the capacity to understand the charges against him. Otherwise, the criminal action against the defendant must proceed (CPL 730.30 [2]).

The Judge presiding at the plea and sentencing observed the defendant's actions. Although the defendant's allocution at the trial was less than perfect, the defendant himself admitted shooting the victims, said he should be punished, waived his rights upon his plea of guilty and specifically stated he wanted the 18 years to life sentence. Neither the defense attorney nor the prosecutor requested a competency hearing.

The court, after a review of the presentence reports and postplea psychiatric report, sentenced the defendant. The court, in its discretion, perceived the defendant as mentally competent and with above-average intelligence. Thus the defendant's plea was knowingly, voluntarily and intelligently entered. *(People v Harris,* 61 NY2d 9, 17.) Even though a defendant may experience emotional difficulty at the time of trial, a plea and sentence which was knowingly entered will not be vacated where a competency hearing was not held. *(People v Harris,* 109 AD2d 351, 359.) Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.