THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ALEXANDER, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the court did not follow the mandates of CPL article 730 in determining his competency to stand trial and that, therefore, his plea of guilty to murder in the second degree and to

two counts of robbery in the third degree was not knowingly, intelligently and voluntarily entered. We disagree. The court correctly relied upon the reports of two psychiatrists that found defendant competent and defendant did not request a hearing pursuant to CPL 730.30 (2) *(see, People v Paxhia,* 140 AD2d 962, 963, *lv denied* 72 NY2d 960; *People v Bronson,* 115 AD2d 484).* Further, the record of the plea colloquy discloses that defendant possessed a "rational and factual understanding of the proceeding" *(People v Hampton,* 171 AD2d 1071; *see, People v Thomas,* 169 AD2d 515, *lv denied* 78 NY2d 975; *People v McGarrity,* 130 AD2d 793, *lv denied* 70 NY2d 714). Finally, the record establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered with the aid of counsel and after the court had fully advised him of the consequences of his plea *(see, People v Harris,* 61 NY2d 9; *People v Serrano,* 15 NY2d 304; *People v Mercedes,* 171 AD2d 1044, *lv denied* 77 NY2d 998; *People v O'Keefe,* 170 AD2d 1020, *lv denied* 77 NY2d 965; *People v Rodriguez,* 162 AD2d 173). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Boomer, J. P., Pine, Fallon, Davis and Doerr, JJ.