(Corrado, J.), rendered March 27, 1991, revoking a sentence of probation previously imposed by the same court (O'Brien, J.), upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of reckless endangerment and criminal possession of a weapon in the third degree under Indictment No. 2684/89, and from three judgments of the same court, also rendered March 27, 1991, convicting him of robbery in the first degree under Indictment No. 4985/90, robbery in the first degree under Indictment No. 4986/90, and attempted murder in the second degree under Indictment No. 7257/90, upon his pleas of guilty, and imposing sentences.

Ordered that the amended judgment and judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES TRUSS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered October 25, 1991, convicting him of attempted criminal possession of a weapon in the third degree and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not err in failing, sua sponte, to direct that the appellant undergo psychiatric evaluation to ascertain his ability to understand the proceedings against him and to participate in his defense (see, CPL 730.10), prior to accepting his plea of guilty. The defendant stated, during colloquy leading up to a guilty plea which the defendant later withdrew, that he was taking "prolixin" and that this medication had a disorienting effect. However, during the plea allocution, the court repeatedly inquired of the defendant whether he understood the proceedings in which he was involved. The defendant consistently responded that he did understand the proceedings. The court expressly observed on the record that the defendant appeared to be "well oriented [and] clear headed", and that he raised intelligent questions during the allocution. Both attorneys further agreed that the defendant

"clearly understood and responded in an appropriate way to all questions put to him".

In any event, when the court realized it could not honor the sentence commitment, the defendant withdrew his guilty plea and then pleaded guilty once again, again assuring the court that he understood the proceedings (see, People v Gensler, 72 NY2d 239, cert denied 488 US 932). At this second proceeding, the defendant specifically advised the court that the effects of his medication had worn off so that he did understand the proceedings. He never claimed otherwise (see, People v Garcia, 161 AD2d 796), and he acknowledged that he had discussed his options with his attorney and was satisfied with counsel's representation (see, People v Carbone, 159 AD2d 511). In light of the foregoing, we find no reasonable ground for concluding that the defendant may have been incapacitated (see, People v Hampton, 171 AD2d 1071; People v Thomas, 169 AD2d 515; People v Rodriguez, 162 AD2d 173; People v McGarrity, 130 AD2d 793; People v Frisch, 115 AD2d 295).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.