■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT N. MILLS, Appellant. [599 NYS2d 657] —Appeal, by permission, from an order of the County Court of Broome County (Smith, J.), entered June 4, 1992, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of burglary in the first degree, without a hearing.

Defendant has moved pursuant to CPL 440.10 to vacate the judgment of conviction based upon allegedly ineffective assistance of counsel, contending that his guilty plea was induced by his counsel's representation that he would be allowed to reside in a halfway house as an alternative to a State prison sentence. Defendant's former counsel avers that defendant was not told that the halfway house could serve as an alternative to prison, but rather that defendant was told that he might be able to reside at the halfway house in preparation for his prison sentence and that this preparation might ultimately be considered by County Court in determining the sentence of imprisonment. He also notes that as an experi-

enced defense attorney he was aware that incarceration was mandatory and so informed defendant. The record of the plea and sentencing minutes belie defendant's contentions and establish that residence in the halfway house was contemplated only as a preparatory arrangement during an adjournment of the sentence and not as an alternative to incarceration. Defendant's allegations are contradicted by the record and, under the circumstances, there is no reasonable possibility that they are true (see, CPL 440.30 [4] [d]). County Court therefore properly denied defendant's motion without a hearing (see, People v Kelsch, 96 AD2d 677).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed.