■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KAUFMAN, Appellant. [628 NYS2d 152] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered October 12, 1993, convicting him of manslaughter in the second degree, assault in the second degree, grand larceny in the third degree (two counts), criminal possession of stolen property in the third degree, reckless endangerment in the second degree (two counts), and leaving the scene of an incident without reporting as a felony, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in failing to *sua sponte* conduct a hearing on the issue of the defendant's right to be present and to meaningfully assist in his own defense because the defendant was continually lapsing into unconsciousness during the trial. We disagree.

The only evidence of the defendant's incapacity was his counsel's statements that the defendant dozed off at two

isolated times during the trial, one of which occurred at 4:45 P.M., shortly before the court adjourned for the day. However, upon limited questioning by the court, it appears that the defendant was in fact fit and that these were isolated incidents. There is no evidence of any request by counsel for any hearings and/or any other remedial measures. Furthermore, the record is devoid of any other indication that the defendant was unable to consult with his attorney or to effectively assist in his own defense. Under these circumstances, we cannot say that the Supreme Court erred in not *sua sponte* conducting a hearing on the physical competency of the defendant to meaningfully assist in his own defense *(see, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932; *People v Garcia,* 161 AD2d 796; *People v Bisnett,* 144 AD2d 567; *People v Stokes,* 118 AD2d 670).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Joy, Hart and Florio, JJ., concur.