■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GONCALVES, Appellant. (Appeal No. 2.) [661 NYS2d 579] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his guilty plea was not voluntarily, knowingly and intelligently made. Defendant entered his plea in the presence of counsel after County Court fully apprised him of the consequences of the plea (see, People v Alexander, 185 AD2d 712, lv denied 80 NY2d 926; People v O'Keefe, 170 AD2d 1020, lv denied 77 NY2d 965). The conclusory allegation of defendant that the court, the prosecutor and defense counsel coerced him into pleading guilty is not supported by the record. Further, in light of the unsupported and conclusory allegations of defendant that he was coerced into pleading guilty, the court properly denied his CPL 440.10 motion without a hearing (see, People v Smith, 227 AD2d 987, lv denied 88 NY2d 995; People v Mills, 194 AD2d 1016, lv denied 82 NY2d 899). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Reckless Endangerment, 1st Degree.) Present— Denman, P. J., Green, Balio, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION E. GADSON, Appellant. [661 NYS2d 803] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress defendant's statement to the police. The statements made by defendant before he received Miranda warnings were spontaneous and were not the product of police interrogation or its functional equivalent (see, People v Hylton, 198 AD2d 301, lv denied 82 NY2d 925). Although there was evidence at the suppression hearing indicating that defendant appeared to be intoxicated, there was no evidence that he was so intoxicated as to render the statements inadmissible (see, People v Schompert, 19 NY2d 300, 305-307, cert denied 389 US 874). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Weapon, 2nd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.