[760 NYS2d 216]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. MELIO, Appellant.

Second Department, May 27, 2003

APPEARANCES OF COUNSEL

*Mark Diamond*, New York City, for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Craig D. Pavlik* of counsel), for respondent.

OPINION OF THE COURT

ALTMAN, J.P.

On this appeal, we are asked to determine whether statutorily-mandated postrelease supervision (*see* Penal Law § 70.45) is a direct consequence of a plea of guilty about which a defendant must be informed before the plea is entered. We conclude that it is a direct consequence, but that under the circumstances, the case should be remitted for a hearing to determine the bona fides of the defendant's claim that he would not have pleaded guilty had he been so informed.

The defendant was indicted on charges of sodomy in the first degree, two counts of sexual abuse in the first degree, and endangering the welfare of a child. The victim was his friend's seven-year-old daughter. On July 28, 2000, he pleaded guilty to one count of sexual abuse in the first degree, a class D felony, in satisfaction of the indictment. At the plea proceeding, the defendant was advised that he would receive a determinate sentence of five years and that he would be subject to the provisions of the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). He was not advised, however, that his sentence would also include three years of postrelease supervision (*see* Penal Law § 70.45). As part of the plea agreement, the defendant waived his right to appeal. On September 13, 2000, he was sentenced to five years incarceration, and certified as a sex offender, and an order of protection was issued. The Supreme Court did not mention the period of postrelease supervision. A timely notice of appeal from the judgment of conviction was filed.

In August 2001, the defendant moved to vacate his judgment of conviction pursuant to CPL 440.10, alleging that his plea was not voluntarily or intelligently entered because he was not advised by either his attorney or the Supreme Court that he would be subject to postrelease supervision. He claimed that had he been so informed, he would not have pleaded guilty. According to the defendant, he first learned of the period of postrelease supervision from "corrections officials." The motion was denied on the ground that the record was sufficient for direct appellate review, and leave to appeal therefrom was

subsequently denied by this Court. This direct appeal was perfected on April 10, 2002. On appeal, the defendant contends, as he did in his CPL 440.10 motion, that his plea was not knowingly, intelligently, and voluntarily entered because he was not informed that he would be subject to postrelease supervision.

Preliminarily, we note that, contrary to the People's contention, the defendant's waiver of his right to appeal does not preclude review of his claim. A challenge to the voluntariness of a plea survives a waiver of the right to appeal (*see People v Seaberg,* 74 NY2d 1, 10 [1989]; *People v Powell,* 273 AD2d 483 [2000]).

Whether a court has a duty to inform a defendant of the statutory mandate of postrelease supervision before a plea of guilty is entered depends upon whether such supervision is a "direct" or "collateral" consequence of the plea (*see People v Ford,* 86 NY2d 397, 403 [1995]). A defendant must be advised of the direct consequences of a plea of guilty (*id.*). A direct consequence is one that has a "definite, immediate and largely automatic effect on defendant's punishment" (*id.*). A collateral consequence is "peculiar to the individual and generally result[s] from the actions taken by agencies the court does not control" (*id.*).

Turning to the New York statute in question, Penal Law § 70.45 (1) provides that:

> "Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision. Such period shall commence as provided in subdivision five of this section and a violation of any condition of supervision occurring at any time during such period of post-release supervision shall subject the defendant to a further period of imprisonment of at least six months and up to the balance of the remaining period of post-release supervision, not to exceed five years. Such maximum limits shall not preclude a longer period of further imprisonment for a violation where the defendant is subject to indeterminate and determinate sentences."

For a class D violent felony, such as that of which the defendant was convicted (*see* Penal Law § 70.02 [1] [c]; § 130.65), the period is three years unless the court specifies a shorter period of not less than 1½ years (*see* Penal Law § 70.45 [2]). The Board of Parole is authorized to establish and impose condi-

tions of postrelease supervision, including a condition that "for a period not exceeding six months immediately following release * * * the person be transferred to and participate in the programs of a residential treatment facility" (Penal Law § 70.45 [3]).

The Federal Circuit Courts of Appeals have unanimously ruled that "supervised release" or "special parole," which is similar to New York's postrelease supervision, is a consequence of a plea about which a defendant must be informed (*Ferguson v United States,* 513 F2d 1011 [2d Cir 1975]; *see United States v Yazbeck,* 524 F2d 641 [1st Cir 1975], and cases compiled in *People v Alcock,* 188 Misc 2d 284, 287-288 [2001]). State courts have reached a similar conclusion with respect to state-imposed mandatory parole or supervised release (*see e.g. People v Smith,* 285 Ill App 3d 666, 676 NE2d 224 [1996]; *State v Acevedo,* 137 Wash 2d 179, 970 P2d 299 [1999]). The Appellate Division, Third Department, the only New York appellate court which has addressed this issue, has also ruled that mandatory postrelease supervision is a direct consequence of a plea (*see People v Goss,* 286 AD2d 180 [2001]). We agree with the conclusion reached by the various courts which have considered this issue.

Penal Law § 70.45 (1) specifically provides that a period of postrelease supervision is part of a determinate sentence. The period commences upon the defendant's release from imprisonment and it interrupts the running of the determinate sentence. The remaining portion of the maximum term is held in abeyance until the successful completion of postrelease supervision (*see* Penal Law § 70.45 [5] [a]). Upon completion of the period of postrelease supervision, the running of the sentence resumes and the remaining portion of the maximum term previously held in abeyance is credited with and diminished by the period of postrelease supervision (*see* Penal Law § 70.45 [5] [b]). Further, pursuant to Penal Law § 70.45 (3), the Board of Parole may require a defendant to be transferred to a residential treatment facility immediately upon release from incarceration, thereby increasing the possible period of his or her confinement. While an argument could be made that postrelease supervision is a collateral consequence because its purpose is rehabilitative, not punitive (*see* Senate Mem in Support, 1998 McKinney's Session Laws of NY, at 1493), under New York's statutory scheme, it has a "definite, immediate and largely automatic effect on [a] defendant's punishment" and is therefore a direct consequence of a plea about which a defendant must be informed before the plea is entered (*People v*

*Ford, supra* at 403; *see People v Goss, supra*). We now turn to the issue of the relief to be granted when a defendant claims that he or she was not advised about postrelease supervision.

The defendant argues that he is entitled to vacatur of his plea because if he had been informed of the requirement of postrelease supervision, he would not have pleaded guilty.* The Third Department has determined that, under such circumstances, a defendant must be permitted to withdraw the plea (*see People v Jaworski,* 296 AD2d 597, 598 [2002]; *People v Jachimowicz,* 292 AD2d 688 [2002]; *People v Goss, supra* at 184). We conclude, however, that such a bare allegation does not necessarily entitle a defendant to vacatur of a plea.

The federal courts and rule 11 of the Federal Rules of Criminal Procedure recognize that, under certain circumstances, "a court's failure to notify the defendant that a sentence will include supervised release may be harmless error" (*United States v Syal,* 963 F2d 900, 905 [6th Cir 1992]; *see e.g. United States v Andrades,* 169 F3d 131 [2d Cir 1999]; *United States v Raineri,* 42 F3d 36 [1st Cir 1994], *cert denied* 515 US 1126 [1995]). State courts have also applied a harmless error analysis to claims regarding erroneous advice about the consequences of a plea (*see State v McDermond,* 112 Wash App 239, 47 P3d 600 [2002]; *In re Moser,* 6 Cal 4th 342, 862 P2d 723 [1993]). We also find it appropriate to apply a harmless error analysis to such claims. In this case, that analysis involves a determination as to whether the Supreme Court's failure to inform the defendant of postrelease supervision affected his decision to plead guilty (*see State v McDermond, supra*).

Although the defendant claims that he would not have pleaded guilty had he been advised of postrelease supervision, the circumstances of this case call into question the bona fides of his claim. At the plea proceeding, the defense counsel noted that the case had been "discussed, conferenced, and negotiated over a lengthy period of time." The original offer in the case was 10 years, twice the prison time which the defendant ultimately received. One may assume that, generally, a defendant is most concerned with the period of incarceration and not the period of parole or supervised release (*see People v Catu,* 193 Misc 2d 623, 626 [2002]). The defendant was permitted to plead to one count in satisfaction of the entire indictment. In addition, although he had been charged with a violation of

---

* Another possible remedy would be to reduce the period of postrelease supervision to 1½ years (*see* Penal Law § 70.45 [2]), but the defendant does not request such relief.

probation, his probation was terminated as a result of the plea. Further, the defendant was advised that he would be subject to the provisions of SORA, which are potentially more onerous than the conditions of postrelease supervision. Finally, the defendant's motion to vacate the judgment was not made until nearly one year after he was sentenced. Notably, the Supreme Court did not refer to postrelease supervision in imposing sentence and, thus, the defendant had no reason to object at that time. The defendant claims he first learned that he was subject to postrelease supervision from "corrections officials." However, he does not indicate when that occurred. Delay on the part of the defendant after learning of his postrelease supervision would undermine his claim that he would not have pleaded guilty had he been aware of such supervision (see *People v Nixon,* 21 NY2d 338, 355 [1967], *cert denied sub nom. Robinson v New York,* 393 US 1067 [1969]; *People v Catu, supra* at 627).

Consequently, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant would not, in fact, have pleaded guilty had he been informed that he was subject to postrelease supervision and whether the defendant was so informed by his attorney before the plea of guilty or the date of sentence. If the Supreme Court determines that the defendant was not advised by his attorney that he would be subject to postrelease supervision and would not have pleaded guilty if he had been aware of that consequence, then he should be given the opportunity to withdraw his plea. If, however, the Supreme Court determines that the defendant was so advised or that the failure to advise the defendant of postrelease supervision did not affect his decision to plead guilty, he should not be permitted to withdraw his plea.

We decide no other issues raised by the defendant at this time.

SMITH, H. MILLER and ADAMS, JJ., concur.

Ordered that on the court's own motion, the judgment roll is enlarged to include the defendant's notice of motion to vacate the judgment of conviction pursuant to CPL 440.10, dated August 4, 2001, the defendant's affidavit in support of the motion, sworn to August 24, 2001, and the amended affidavit of Marcia Lombardo, in opposition to the motion, sworn to October 12, 2001; and it is further,

Ordered that the matter is remitted to the Supreme Court,

Suffolk County, to hear and report with all convenient speed in accordance herewith; and it is further,

Ordered that the appeal is held in abeyance in the interim.