■ The People of the State of New York, Respondent, v Erica Rosenthal, Appellant. [760 NYS2d 460] —Judgment, Supreme Court, Bronx County (Ruth Levine Sussman, J.), rendered February 3, 2000, convicting defendant, upon her plea of guilty, of attempted armed robbery in the second degree, and sentencing her to five years imprisonment and two years postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to reduce her sentence to three years imprisonment and two years postrelease supervision, and otherwise affirmed. Order, same court and Justice, entered on or about February 10, 2002, which denied defendant's motion to vacate the judgment, pursuant to CPL 440.10, unanimously affirmed.

Defendant, on August 4, 1999, pleaded guilty to attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]) in exchange for which she agreed to waive indictment and receive a definite sentence of one year. Defendant appeared for sentencing on September 7, 1999, at which time the People and defense counsel requested that in lieu of the one-year prison sentence, defendant be permitted to enter a residential drug rehabilitation program for 12 to 18 months. The court agreed and stated that if defendant failed to cooperate, or left the program, she would be sentenced to the "maximum amount of time, which is 3½ to 7 years incarceration." Defendant was permitted to enter the program, as agreed upon, on September 8, 1999, with a further admonition from the court that if she failed to comply with the program, she would be subject to the maximum sentence.

The court, on or about September 30, 1999, was informed that defendant had left the rehabilitation program, apparently after becoming despondent due to the death of a close friend. The court issued a warrant and when defendant again appeared before the court, she was allowed to enter another residential drug rehabilitation program. Defendant, however, failed in the second drug program by testing positive for drugs, and thereafter appeared before the court on February 3, 2000 for sentencing.

At this juncture, the court and counsel had evidently become aware that the indeterminate sentencing scheme of 3½ to 7 years noted by the court earlier did not apply to this case because the robbery had been committed after September 1, 1998, and that the appropriate sentencing range was a determinate sentence of at least two years and not more than seven years (Penal Law § 70.02 [3] [c]). In addition, a period of postrelease supervision (PRS) (Penal Law § 70.45) of between 1½ and 3 years was a mandatory component of the sentence (Penal Law § 70.45 [2]). There is, however, no indication in the record that defendant was ever informed that her alternative sentence, if she failed to complete the drug rehabilitation program, would include a period of PRS. The "Sentence and Commitment" sheet nevertheless indicates that the court sentenced defendant to five years incarceration, of which she was informed, and two years of PRS.

Defendant subsequently moved for an order, pursuant to CPL 440.10 (1) (h), vacating her conviction on the ground that she did not knowingly and voluntarily enter her guilty plea because the court and her counsel failed to inform her that she would be subject to PRS if she pleaded guilty. Defendant also

asserted that she was deprived of the effective assistance of counsel due to her attorney's failure to inform her of the PRS. The court denied the motion, and defendant advanced the same claims on appeal. Defendant further argues on appeal that her sentence was excessive.

While it is true that the sentencing court is allocated broad discretionary powers with regard to the imposition of a sentence (*People v Day*, 73 NY2d 208, 212 [1989]; *People v Garcia*, 195 AD2d 253, 254-255 [1993], *affd* 84 NY2d 336 [1994]), this Court also possesses broad, plenary powers to modify a sentence that is unduly harsh or severe under the circumstances, in the interest of justice, even though the sentence falls within the permissible statutory range (*People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Shook*, 294 AD2d 710, 714 [2002], *lv denied* 98 NY2d 702 [2002]; *see also* CPL 470.15 [6] [b]). Moreover, our general review powers may be exercised "without deference to the sentencing court" (*People v Delgado, supra* at 783; *People v Suitte*, 90 AD2d 80, 86 [1982] ["we can substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence"]).

In light of the foregoing, and in view of the factors present herein, we find the sentence excessive to the extent indicated and further find that this disposition renders defendant's other arguments academic (*see United States v Good*, 25 F3d 218 [1994]; *United States v Saenz*, 969 F2d 294 [1992]). Concur—Nardelli, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.