■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO AMMARITO, Appellant. [763 NYS2d 244] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered July 19, 1999, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, and order, same court and Justice, entered October 9, 2001, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant pleaded guilty to first degree robbery, in full satisfaction of a multicount indictment, in exchange for a 10-year prison sentence, the statutory minimum prison term for that offense. In his allocution, defendant admitted to having held a coat over his finger and robbing the complainant. At sentencing, defendant admitted to a prior conviction of second degree robbery, and he was adjudicated a second violent felony offender. The requirement of five years of postrelease supervision (PRS), which was a mandatory component of defendant's sentence, was not mentioned on the record at the time of the plea or sentence.

Defendant then moved to vacate the judgment, on the ground that the court failed to question him about waiving the affirmative defense to first-degree robbery raised by his recitation of the facts (that he was not armed), and that trial counsel failed to tell him about this defense. The People opposed, on procedural and substantive grounds. Defendant then filed a supplemental affirmation, asserting that he was not informed that he would be subject to a five-year term of PRS at the conclusion of his 10-year prison sentence. The People submitted additional opposition.

The court held a hearing on the CPL 440.10 motion, and defense counsel testified that, based upon the charged crimes (first degree robbery and other lesser included offenses) and his knowledge of defendant's criminal history (two prior felony convictions, one of which was a violent felony), he had believed that defendant would be adjudicated a second violent felony offender, and that he likely would be sentenced to between 10 and 25 years. Counsel testified that while defendant was not a mandatory persistent violent felony offender, defendant could have been adjudicated a discretionary persistent felony offender eligible for a lifetime sentence. He also stated that he was certain he had advised his client about the affirmative defense, and the fact that the defense, if successful, would not exculpate defendant, but would reduce his conviction to second degree robbery.

The People had offered defendant a plea of 16 years for first degree robbery, noting that they did not want to reduce the charge to second degree robbery or offer him a lower sentence because defendant had failed to benefit from leniency shown him in the past. Defense counsel testified that he advised his client that taking the plea was in his best interest, and although he could not remember specifically discussing PRS with defendant, this was something he normally did with his clients.

The motion court determined that knowledge of the PRS component of the sentence would not have affected defendant's decision to plead guilty. It also concluded that "there [was] next to no likelihood that he would have chosen to go to trial instead" (*see United States v Timmreck*, 441 US 780 [1979]). We agree with those findings and note that the record establishes that had defendant gone to trial, he would undoubtedly have been convicted of either first or second degree robbery, each of which carries a term of five years' PRS.

While we therefore need not reach the issue of whether PRS is a direct consequence of certain guilty pleas, we wish to emphasize that it is the preferred practice that a defendant be ad-

vised of the PRS aspect of his sentence prior to entering a plea (*People v Goss*, 286 AD2d 180 [2001]).

Accordingly, in the circumstances presented, we affirm the order appealed. Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.