■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MASON, Appellant. [768 NYS2d 591]—

Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered March 8, 2000, convicting defendant, after a plea of guilty, of robbery in the second degree and sentencing him to a term of 8½ years, unanimously affirmed.

Defendant was charged in an indictment with three counts of robbery in the second degree and one count of attempted robbery in the second degree. Defendant ultimately agreed to plead guilty to one count of robbery in the second degree in full satisfaction of the indictment. Pursuant to a plea agreement, defendant was promised that he would be sentenced, as a second violent felony offender, to a determinate prison term of 8½ years. As part of the plea agreement, defendant waived his right to appeal the plea and sentence. Defendant was accordingly sentenced by the court to the agreed-upon prison term.

In accepting defendant's guilty plea, the court did not advise defendant that the law required a period of postrelease supervision for every determinate sentence imposed for violent felonies and that, in his case, his 8½-year prison term would be followed by a period of five years postrelease supervision. Defendant subsequently applied to the court for a reduction of his sentence or to have the judgment of conviction vacated on the grounds that the court failed to advise him that he would be subject to a period of postrelease supervision. The court denied defendant's application, but defendant did not seek leave to appeal to this Court. Instead, defendant appeals from the judgment of conviction.

A trial court must advise a defendant of the direct consequences of his plea (*People v Ford*, 86 NY2d 397, 403 [1995]). However, before a defendant may be allowed to upset a judgment of conviction based upon a plea, on the grounds that the plea was not knowingly and intelligently made because he was not properly advised of the consequences of his plea, he must show that he would not have entered his guilty plea if he had

been properly advised (*see People v Melio*, 304 AD2d 247 [2003]). Defendant has not even made such an allegation. In these circumstances, defendant's request that his sentence be modified is denied and the judgment is affirmed. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.