■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLFO CATU, Appellant. [768 NYS2d 600]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 19, 1999, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree and operating a motor vehicle while under the influence of alcohol, and sentencing him, as a second felony offender, to concurrent terms of 3 years and 1 year, with a fine of $1,000 and five years postrelease supervision, and order, same court and Justice, entered on or about October 18, 2002, which denied defendant's motion to vacate the judgment, unanimously affirmed.

The record of the hearing on defendant's CPL 440.10 motion supports the court's determination (193 Misc 2d 623 [2002]) that knowledge of the postrelease supervision component of the sentence would not have affected defendant's decision to plead guilty (*see United States v Timmreck*, 441 US 780 [1979]; *People v Ammarito*, 306 AD2d 99 [2003]; *People v Melio*, 304 AD2d 247 [2003]). The record similarly establishes that counsel provided effective assistance in connection with the plea (*see People v McDonald*, 1 NY3d 109 [2003]; *People v Ford*, 86 NY2d 397, 404 [1995]). *People v Rosenthal* (305 AD2d 327 [2003]) is not to the contrary. There, we reduced the sentence because the circumstances indicated it was excessive and not because defendant was not advised of postrelease supervision. Concur—Buckley,

P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ. [*See* 193 Misc 2d 623.]