■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BONILLA, Appellant. [775 NYS2d 619]—

Appeal from an order of the Cayuga County Court (Peter E. Corning, J.), entered January 31, 2003. The order denied the motion of defendant pursuant to CPL 440.10 to vacate his judgment of conviction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying his CPL 440.10 motion without a hearing. We agree with defendant that County Court applied the wrong standards in denying his motion and that reversal is therefore required. In support of the motion, defendant contended that, because neither the court nor defense counsel advised him of the mandatory period of postrelease supervision, his plea of guilty to rape in the first degree (Penal Law former § 130.35 [1]) was not knowingly and intelligently entered and he was denied effective assistance of counsel under both the Federal and State Constitutions. The court rejected the contention of defendant that his plea was not knowingly and intelligently entered based on a harmless error analysis that is applicable to federal courts under the Federal Rules of Criminal Procedure (*see United States v Good*, 25 F3d 218, 220 [4th Cir 1994]; *United States v Saenz*, 969 F2d 294 [7th Cir 1992]; *United States v Bachynsky*, 934 F2d 1349, 1360 [5th Cir 1991], *cert denied* 502 US 951 [1991]). The harmless error analysis applicable in New York, however, "involves a determination as to whether the [court's] failure to inform the defendant of postrelease supervision affected his decision to plead guilty" (*People v Melio*, 304 AD2d 247, 251 [2003]). "[B]efore a defendant may be allowed to upset a judgment of conviction based upon a plea, on the grounds that the plea was not knowingly and intelligently made because he was not properly advised of the consequences of his plea, he must show that he would not have entered his guilty plea if he had been properly advised" (*People v Mason*, 2 AD3d 272, 272-273 [2003]; *see People v Catu*, 2 AD3d 306 [2003]; *see also People v Nixon*, 21 NY2d 338, 355 [1967]).

The court rejected the contention of defendant that he was denied effective assistance of counsel solely because defendant failed to show in support of his motion that, had he gone to trial, he would have been acquitted or received a lesser sentence. However, the proper standard for determining defendant's claim

under the Federal Constitution is whether " 'there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial' " (*People v McDonald*, 1 NY3d 109, 115 [2003], quoting *Hill v Lockhart*, 474 US 52, 59 [1985]), and the proper standard under the State Constitution is whether defendant received meaningful representation (*see id.* at 114 n 2; *People v Ford*, 86 NY2d 397, 404 [1995]).

We therefore reverse the order and remit the matter to County Court to determine defendant's motion in accordance with CPL 440.30 and the proper standards of review set forth herein. We note that, on remittal, the court must determine whether to conduct a hearing pursuant to CPL 440.30 (5). The court has discretion to deny the motion without a hearing pursuant to CPL 440.30 (4), e.g., if the allegations essential to support the motion are contradicted by the record and there is no reasonable possibility that they are true (*see* 440.30 [4] [d]; *People v Mills*, 194 AD2d 1016 [1993], *lv denied* 82 NY2d 899 [1993]; *see also People v Goncalves*, 239 AD2d 924 [1997], *lv denied* 91 NY2d 873 [1997]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.