*239 OPINION OF THE COURT
Laura A. Ward, J.
On May 14, 2004, the defendant, previously convicted of a felony, pleaded guilty to attempted criminal possession of a controlled substance in the fourth degree in violation of Penal Law §§ 110.00 and 220.09.[1] The defendant has filed the instant motion pursuant to Criminal Procedure Law § 220.60 to withdraw his plea on the grounds that defense counsel and the court failed to advise him of the consequences his guilty plea would have on his parole status. The defendant also argues that he is innocent of the crime.
The defendant was on parole at the time of his plea of guilty. The defendant argues that by pleading guilty to a crime, for which the punishment is an indeterminate sentence, his parole is automatically revoked and “would automatically run on the back-end of defendant’s promised sentence of l1/2-3 years and which would then, by operation of law, extend the defendant’s conditional release date. That would translate into a jail sentence that must run beyond 2 years — the conditional release date normally involved in a lVa-S year sentence.” (Defendant’s motion at 3, U 5.)
When a defendant on parole is convicted of a new crime which carries either a determinate or indeterminate sentence, the defendant’s parole is automatically revoked by operation of law (Executive Law § 259-i [3] [d]) and, pursuant to Penal Law § 70.25 (2-a), the defendant’s sentence on the new crime must run consecutively to the undischarged term of the sentence remaining on the older crime. Thus, in this case, the time remaining on the defendant’s parole must run consecutively to the sentence imposed in this case. The defendant is now consecutively serving two indeterminate sentences. In such a situation, the maximum terms of imprisonment are added together to arrive at an aggregate maximum term of imprisonment. (Penal Law § 70.30 [1] [b].)
*240 When a defendant pleads guilty, the court has an obligation to ensure that the defendant’s plea is knowingly, voluntarily, and intelligently made. In order to ensure that the plea is properly entered, the court must inform the defendant of the rights surrendered by forgoing a trial and pleading guilty. (People v Nixon, 21 NY2d 338 [1967], cert denied sub nom. Robinson v New York, 393 US 1067 [1969].) Additionally, while the court is under no obligation to inform the defendant of the collateral consequences of the plea, the court is required to inform the defendant of the direct consequences of the plea. (People v Ford, 86 NY2d 397, 403 [1995].) In Ford (supra), the Court defined direct and collateral consequences of a plea. A direct consequence is “one which has a definite, immediate and largely automatic effect on the defendant’s punishment.” (At 403.) A collateral consequence is one which is “peculiar to the individual and generally result[s] from the actions taken by agencies the court does not control.” (Id. [citations omitted].) The Court set forth illustrations of collateral consequences of guilty pleas including: loss of the right to vote or travel abroad (Meaton v United States, 328 F2d 379 [5th Cir 1964]), loss of civil service employment (United States v Crowley, 529 F2d 1066 [3d Cir 1976], cert denied 425 US 995 [1976]), loss of a driver’s license (Moore v Hinton, 513 F2d 781 [5th Cir 1975]), loss of the right to possess firearms (Penal Law § 400.00 [1] [b]) or an undesirable discharge from the armed services (Redwine v Zuckert, 317 F2d 336 [DC Cir 1963]). (At 403. )
The Court concluded that “the failure to warn of such collateral consequences will not warrant vacating a plea because they are peculiar to the individual and generally result from the actions taken by agencies the court does not control (see, United States v Sambro, 454 F2d 918, 922 [DC Cir 1971]; Sanchez v United States, 572 F2d 210, 211 [9th Cir 1977]).” (Ford at 403-404. )
In Moore v Hinton (513 F2d 781, supra), a class action suit was brought in federal court seeking injunctive and declaratory relief against members of two agencies in the State of Alabama, as well as an Alabama court. One of the agencies was the Alabama Department of Public Safety. In courts in Alabama, defendants who plead guilty to driving while intoxicated are not advised that as a consequence of their guilty plea the defendants’ driver’s licenses will be suspended by the Alabama Department of Public Safety. In a footnote, the court stated that “[w]hether the suspension is automatic was not stipulated. There is some *241 ambiguity in the record on this point; we need not resolve this ambiguity, however, since our conclusion would be identical in either case.” (Moore at 782 n 1.) The court, in denying the appellant’s application, held that a defendant does not have to be advised, while pleading guilty to a charge of driving while intoxicated, that the defendant’s license will be suspended because it is a collateral consequence of the plea. (Moore at 782-783.) In reaching this conclusion, the court stated that
“[o]f crucial importance here, however, is the fact that the Alabama Department of Public Safety, not the court, deprives the defendant of his license, acting under authority of 36 Ala.Code § 68. The court merely accepts the defendant’s plea, and sentences him to a fine and/or imprisonment. The Department of Public Safety then institutes a separate proceeding for suspension of his license; this suspension is not, therefore, punishment imposed by the court as a result of the guilty plea, but a collateral consequence of the defendant’s conviction.” (Moore at 782.)
The Appellate Division in People v Goss (286 AD2d 180, 183, 184 [2001]) held that the term of mandatory postrelease supervision[2] that follows a determinate sentence is a direct consequence of a plea and thus the court is required to warn the defendant of any term of mandatory release supervision.
The Court stated that “postrelease supervision which — as a matter of statutory law — is included as part of defendant’s 12-year determinate sentence clearly is a consequence ‘which has a definite, immediate and largely automatic effect on defendant’s punishment’ . . . [and] . . . that postrelease supervision is a significant, punitive component of defendant’s sentence.” (At 184-185; see also People v Melio, 304 AD2d 247 [2003].) Since it is the court that imposes the postrelease supervision, and therefore not an independent entity, the postrelease supervision is a direct consequence of the plea.
In the present case, the revocation of parole is not a condition imposed by the court, but is automatic and is implemented by *242 the Department of Parole in separate proceedings. (9 NYCRR 8004.3.) Therefore, the revocation of parole is a collateral consequence of the defendant’s plea of guilty. The fact that the revocation of the defendant’s parole will result in the defendant’s conditional release date being extended beyond the usual conditional release date of a sentence of IV2 to 3 years is of no consequence. Thus, the failure of the court to advise the defendant that his parole will be automatically revoked is not a ground for withdrawal of a plea of guilty.
The defendant’s belated claim of innocence, under the circumstances presented here, is insufficient to grant the motion to vacate his guilty plea. There is no affidavit from the defendant stating that he is innocent of the crime which he admitted committing. Conclusory assertions of innocence do not warrant the granting of a motion to withdraw a guilty plea where the defendant, on the record, admitted the facts which constitute the elements of the crime. (People v McCaskell, 206 AD2d 547 [1994], lv denied 84 NY2d 869 [1994].) During his plea allocution, the defendant clearly and unequivocally admitted that he committed the crime of attempted criminal possession of a controlled substance in the fourth degree, when he knowingly and unlawfully attempted to possess heroin in Manhattan. (Transcript of defendant’s plea at 10.)
Accordingly, for the reasons stated above, the defendant’s motion to withdraw his plea is denied.

. The defendant was promised a sentence of IV2 to 3 years’ incarceration. Attempted criminal possession of a controlled substance in the fourth degree is a class D felony. The minimum sentence for a D felony, for a second felony offender, is incarceration for 2 to 4 years. (Penal Law § 70.06 [3] [d]; [4] [b].) A sentence of IV2 to 3 years’ incarceration for a D felony is an illegal sentence. The People have stated that they will allow the defendant to withdraw his guilty plea and to replead to the class E felony of attempted criminal possession of a controlled substance in the fifth degree in violation of Penal Law §§ 110.00 and 220.06, for which a sentence of IV2 to 3 years’ incarceration is lawful. (Penal Law § 70.06 [3] [e]; [4] [b].)

. CPL 70.45 (1) provides, in pertinent part, “[e]ach determinate sentence also includes, as a part thereof, an additional period of post-release supervision. Such period shall commence as provided in subdivision five of this section and a violation of any condition of supervision occurring at any time during such period of post-release supervision shall subject the defendant to a further period of imprisonment of at least six months and up to the balance of the remaining period of post-release supervision, not to exceed five years.”