■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC EDWARDS, Appellant. [829 NYS2d 503]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered October 31, 2001, convicting defendant, after a jury trial, of assault in the first degree and sentencing him to a determinate prison term of 25 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce his sentence to 15 years, and otherwise affirmed.

Defendant did not preserve his claim that since he signed his waiver of immunity outside the presence of the grand jury, he therefore received immunity, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Defendant signed the waiver outside the grand jury room as he was "about to become a witness in a grand jury proceeding" (CPL 190.45 [1]). He was then placed under oath in the presence of the grand jury, and he acknowledged that it was his signature appearing on the waiver introduced in evidence. Therefore, the statutory requirement that a waiver of immunity be sworn to before the grand jury was satisfied (*see* CPL 190.45 [2]; *People v Hanley*, 227 AD2d 144 [1996]; *People v Cole*, 196 AD2d 634, 636 [1993]). Accordingly, the fact that trial counsel did not raise this issue did not deprive defendant of effective assistance under federal or state standards.

Defendant claims his sentence was excessive and should be reduced in the interest of justice. A sentencing court possesses broad discretionary powers with respect to the imposition of a

sentence (*People v Day*, 73 NY2d 208, 212 [1989]). However, the Appellate Division has "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (*People v Delgado*, 80 NY2d 780, 783 [1992]). We may substitute our own discretion even where a trial court has not abused its discretion (*People v Rosenthal*, 305 AD2d 327, 329 [2003]). We find the term imposed to be excessive, and reduce it to the extent indicated.

Although the court improvidently precluded extrinsic evidence concerning a menacing incident involving the victim and defendant's sister, which was offered as evidence of bias, the error was harmless (*People v Crimmins*, 36 NY2d 230 [1975]).

We have considered and rejected defendant's arguments concerning the manner in which the in-court identification was conducted. There was no prejudice to defendant, particularly in light of the fact that the victim had already made a reliable lineup identification (*see People v Lixiong Zhao*, 280 AD2d 405, 406 [2001], *lv denied* 96 NY2d 903 [2001]).

We have considered defendant's remaining contentions regarding evidentiary rulings. Were we to find error in those rulings, we would deem then harmless. Concur—Gonzalez, J.P., Sweeny, McGuire, Malone and Kavanagh, JJ.