Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Oneida County (Barry M. Donalty, A.J.), entered August 22, 2007. The order denied the motion of defendant pursuant to CPL 440.10 seeking to vacate the judgment convicting him of murder in the second degree.
It is hereby ordered that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Oneida County, for a hearing on the motion in accordance with the following memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him, upon his plea of guilty, of depraved indifference murder (Penal Law § 125.25 [2]). Defendant waived his right to appeal as part of the plea agreement, and we conclude that the waiver encompasses all of the contentions raised by defendant in his CPL 440.10 motion with the exception of his contention that the plea was not voluntarily entered on the ground that he received ineffective assistance of counsel (see generally People v Martin, 56 AD3d 1317 [2008]; People v Elardo, 52 AD3d 1272 [2008], lv denied 11 NY3d 787 [2008]; People v Fairman, 38 AD3d 1346, 1347 [2007], lv denied 9 NY3d 865 [2007]). According to defendant, defense counsel failed to advise him that he had a viable defense based on his age, which would have resulted in the disposition of the charges in Family Court as reckless manslaughter rather than as depraved indifference murder in County *1266 Court (see generally People v Bowman, 34 AD3d 935, 937 [2006], lv denied 8 NY3d 844 [2007]; People v Nichols, 21 AD3d 1273, 1274 [2005], lv denied 6 NY3d 757 [2005]), and he would not have pleaded guilty to depraved indifference murder had he known of that defense (see People v Bonilla, 6 AD3d 1059, 1060 [2004]). Defendant further contended in support of his motion that the goal of defense counsel from the outset of the prosecution was to dispose of the charges by way of a plea of guilty, and that defense counsel consequently failed to pursue a viable challenge to the denial of defendant’s right to counsel and failed to request that the court review the minutes of the grand jury proceedings. We conclude that defendant thereby raised issues of fact in support of his motion and thus that the court erred in denying his motion without conducting a hearing. We therefore reverse the order and remit the matter to Supreme Court for a hearing on defendant’s motion consistent with our decision. Present—Scudder, EJ., Martoche, Lunn, Peradotto and Green, JJ.