■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVA BEAUMONT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered June 23, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a "buy and bust" operation. An undercover police officer testified that he purchased a vial of crack/cocaine from the defendant in exchange for $10 of prerecorded money. Immediately after making the

purchase, the undercover officer radioed to his field team a description of the defendant's clothing, including that he was wearing black sunglasses. When arrested, approximately one minute later, the defendant was wearing black sunglasses, and the clothing described by the undercover officer. When searched, the defendant was found to be in possession of the $10 of prerecorded money, as well as three vials of crack/cocaine and 12 plastic bags of marihuana. Within a few minutes of the defendant's arrest, the undercover officer identified the defendant as the man who had sold him the crack/cocaine. Two other police officers corroborated the arresting officer's version of the defendant's arrest and search. The defendant was identified in court by both the undercover officer and the arresting officer.

During a *Sandoval* hearing, the defense counsel had requested that both of the defendant's prior misdemeanor convictions be excluded. The trial court ruled that if the defendant took the stand, the prosecutor would be permitted to ask the defendant if he had been convicted of a class A misdemeanor, but questioning as to the underlying facts of the crime would be precluded. In addition the prosecutor would be precluded from questioning the defendant concerning the class B misdemeanor conviction. The trial court also cautioned the defendant that it would reconsider its *Sandoval* ruling if the defendant denied his prior conviction or otherwise attempted to mislead the jury into believing that he had no other prior convictions. Thereafter, on direct examination, the defendant was asked "Had you ever been convicted of a class A misdemeanor?" The defendant replied "Yes, Sir". Based on this limited testimony, the trial court ruled, over defense counsel's objection, that the defendant had "opened the door" to the previously excluded misdemeanor conviction on the ground that the defendant had attempted to mislead the jury into believing that he had no other prior convictions. Subsequently, the People asked the defendant whether, in addition to the class A misdemeanor conviction, he was also convicted of a class B misdemeanor, to which question the defendant replied, "Yes".

We agree with the defendant that the trial court improperly allowed the prosecutor to question him as to his previously excluded misdemeanor conviction. A trial court is allowed to alter its *Sandoval* ruling to permit a prosecutor to question a defendant as to a previously excluded conviction if that defendant violates the *Sandoval* ruling, by denying the existence of his conviction or by giving misleading information regarding

that conviction *(see, People v Astacio,* 131 AD2d 684). In this case, the defendant's answer of "yes" to the question of whether he had been convicted of a class A misdemeanor did not constitute a denial of any other prior criminal involvement, which "opened the door" to that subject. However the error was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant's failure to object to the trial court's marshalling of the evidence renders his claim of error with respect to this part of the charge unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, while the trial court's rendition of the parties' contentions was inappropriately worded in the nature of a summation of each party's position by using such phrases as "the defendant might contend" and "the People might contend" and some of the trial court's alleged contentions, if made on summation by the People would have been improper and subject to objection, we do not find that the jury was so misled or prejudiced by the charge, considered as a whole, as to warrant reversal as an exercise of discretion in the interest of justice *(see, People v Glenn,* 160 AD2d 813; *People v Gray,* 144 AD2d 483). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.