■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDY ESTEVEZ, Appellant. [701 NYS2d 640] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 14, 1998, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Appellate review of the sole issue raised by the defendant on appeal was effectively waived by him as part of his plea agreement. Accordingly, the judgment of conviction is affirmed (*see, People v Callahan,* 80 NY2d 273). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE FAISON, Appellant. [701 NYS2d 639] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 1, 1997, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (D'Emic, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court correctly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The hearing court's determination rested largely upon its assessment of the credibility of the testifying officer and is entitled to great deference (*see, People v Prochilo,* 41 NY2d 759). Since the hearing court's conclusion is amply supported by the credible evidence adduced at the suppression hearing, it will not be disturbed (*see, People v Garafolo,* 44 AD2d 86).

The trial court's plea allocution was sufficient to establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal from all aspects of the proceedings but the evidentiary suppression issue. Accordingly, we do not reach the defendant's remaining contentions· (*see, People v Kemp,* 94 NY2d 831; *People v Callahan,* 80 NY2d 273, 280; *People v Seaberg,* 74 NY2d 1, 11; *People v Robinson,* 188 AD2d 622). Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.