■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT TULLOCH, Also Known as PERCY REID, Appellant. [756 NYS2d 768] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 21, 1992 (*People v Tulloch,* 179 AD2d 794 [1992]), affirming a judgment of the Supreme Court, Kings County, rendered November 14, 1988.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]). Ritter, J.P., Santucci, Smith and S. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP M. VATORE, Appellant. [756 NYS2d 499] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered May 14, 2001, convicting him of assault in the first degree (two counts), assault in the second degree, and reckless endangerment in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Seaberg,* 74 NY2d 1, 11 [1989]). Although appellate review of the defendant's contention regarding the voluntariness of his plea is not precluded by this valid waiver (*see People v Callahan,* 80 NY2d 273, 280 [1992]; *People v Seaberg, supra* at 9; *People v Powell,* 273 AD2d 483 [2000]), his claims in this respect are unpreserved for appellate review, as he never moved to withdraw his plea or to vacate the judgment of conviction (*see People v Harrell,* 288 AD2d 489 [2001]; *People v Sierra,* 256 AD2d 598 [1998]). Similarly, the defendant's contentions with respect to errors at sentencing (*see People v Wilson,* 296 AD2d 430 [2002], *lv denied* 99 NY2d 540 [2002]; *People v Brown,* 280 AD2d 485 [2001]; *People v Noboa,* 280 AD2d 558 [2001]), and his claim that he was denied the effective assistance of counsel (*see People v Konstantinides,* 295 AD2d 537, 538-539 [2002], *lv denied* 98 NY2d 769 [2002]; *People v Rowe,* 277 AD2d 403 [2000]; *People v Ruffino,* 270 AD2d 365 [2000]), are unpreserved for appellate review.

The defendant's contention that the sentencing court failed to impose a sentence on each count to which he pleaded guilty is factually incorrect. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.