■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMAD HUSSAIN, Appellant. [765 NYS2d 526] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barros, J.), rendered October 12, 2000, convicting him of rape in the first degree and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal *(see People v Ciatto,* 290 AD2d 560 [2002]; *People v Walsh,* 243 AD2d 590 [1997]; *People v Torres,* 236 AD2d 642 [1997]). His waiver does not preclude review of his claim that his plea was not voluntarily or knowingly entered because he was not adequately advised of all the ramifications of the Sex Offender Registration Act (Correction Law art 6-C) *(see People v Seaberg,* 74 NY2d 1, 10 [1989]; *People v Vatore,* 303 AD2d 607 [2003], *lv denied* 100 NY2d 566 [2003]; *People v Powell,* 273 AD2d 483 [2000]). However, his claim is unpreserved for appellate review as he did not move to withdraw his plea or vacate the judgment of conviction on that ground *(see People v Harrell,* 288 AD2d 489 [2001]; *People v Sierra,* 256 AD2d 598 [1998]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

The defendant's knowing, voluntary, and intelligent waiver of his right to appeal encompasses his double jeopardy claim *(see People v Muniz,* 91 NY2d 570 [1998]; *People v Neilssen,* 287 AD2d 469 [2001]).

By pleading guilty before a *Huntley* hearing *(see People v Huntley,* 15 NY2d 72 [1965]) was held, the defendant forfeited his right to appellate review of the contention in his supplemental pro se brief that his inculpatory statements to law enforce-

ment officials should have been suppressed (*see People v Carter,* 304 AD2d 771 [2003]; *People v Holmes,* 268 AD2d 597 [2000]). Further, even if a hearing had been held and that branch of his omnibus motion which was to suppress the statements had been denied, appellate review of that determination would have been foreclosed by his waiver of the right to appeal (*see People v Kemp,* 94 NY2d 831 [1999]; *People v Miller,* 306 AD2d 294 [2003]).

The defendant's waiver also precludes appellate review of his contention in his supplemental pro se brief that he was denied the effective assistance of counsel except to the extent that it may have affected the voluntariness of his plea (*see People v Miller, supra; People v Nicholas,* 272 AD2d 629 [2000]; *People v Holmes, supra).* To the extent that his claim may be reviewed, it is without merit (*see People v Miller, supra; People v Nicholas, supra; People v Holmes, supra).* Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.