Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 10, 2001, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress inculpatory statements he made after his arrest. There is no basis for disturbing the factual findings and credibility determinations of the hearing court, which are entitled to great deference on appeal (see People v Faison, 268 AD2d 487 [2000]; People v Guarino, 267 AD2d 324 [1999]). The totality of the circumstances indicates that the statements were voluntarily made after the defendant knowingly and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]; People v Malik, 265 AD2d 577 [1999]; People v Springer, 221 AD2d 386 [1995]). Further, the credible evidence demonstrates that the defendant was not denied his right to counsel.
The Supreme Court’s charge to the jury adequately conveyed the proper standards regarding the voluntariness of the defendant’s statements (see People v Prater, 258 AD2d 600 [1999]; People v Burgos, 244 AD2d 563 [1997]).
The Supreme Court erred in modifying its Sandoval (People v Sandoval, 34 NY2d 371 [1974]) ruling to permit the prosecutor to question the defendant about a prior conviction which the *451 Supreme Court had previously ruled was to be excluded. Contrary to the People’s contention, the defendant did not “open the door” to such questioning. However, the error in permitting the questioning was harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Beaumont, 170 AD2d 513 [1991]).
The evidence of the defendant’s guilt was overwhelming. After his arrest, the defendant gave an oral statement to a detective, reduced to writing and signed by him, in which he admitted that he shot the two victims. He subsequently gave an approximately 50-minute videotaped statement to an assistant district attorney. The videotape reveals that the defendant was alert and readily provided extensive details of the events preceding the shootings, the shootings themselves, and subsequent events, including the fact that a girl named “Cin” came to retrieve the gun used in the shootings and return it to the defendant’s friend. His statements were corroborated by the testimony of Marcus Malloy who, according to the defendant, was present when the second victim was shot. Cindy Jean, another witness, testified that her former boyfriend asked her to pick up something about the time of the shootings, that she went to an apartment where she saw the defendant, and that she was given a McDonald’s bag wrapped in a plastic bag. That testimony was consistent with the defendant’s statement regarding the disposal of the gun. There was further testimony from a detective that the defendant spontaneously made another inculpatory statement approximately 18 months after his arrest when the detective was with him at the Kings County District Attorney’s office. The defendant stated that he 'knew what he did was wrong and that he could do 15 years, but could not do 20 years.
There is no significant probability that the jury would have acquitted the defendant but for the Supreme Court’s error in modifying its Sandoval ruling. The fact that the jury acquitted the defendant of one of the murders does not, as the dissent suggests, indicate that the jury accepted at least part of his testimony disavowing his postarrest statements. The jury considered two counts of murder in the first degree, one as to each of the victims. The jury was charged, pursuant to Penal Law § 125.27 (1) (a) (viii) and (b), that “a defendant is guilty of murder in the first degree when with intent to cause the death of another person, he causes the death of [that] person and as part of the same criminal transaction . . . with intent to cause serious physical injury to or the death of an additional person he causes the death of that additional person provided that neither victim was a participant in the criminal action, and that *452 the defendant was more than 18 years old at the time of the crime.” The defendant was acquitted of the murder of the first victim, but convicted of the murder of the second victim, which occurred approximately an hour and 20 minutes later. Based on the defendant’s statements, the jury could have concluded that he only intended to injure the first victim, while he intended to kill the second victim, resulting in his acquittal with respect to the first shooting and conviction as to the second.
Since the error which occurred was harmless, reversal is not warranted (see People v Crimmins, supra; People v Beaumont, supra). Altman, J.E, Krausman and H. Miller, JJ., concur.