■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. MELIO, Appellant. [775 NYS2d 346]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Jones, J.), rendered September 13, 2000, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence. By opinion and order of this Court dated May 27, 2003, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Suffolk County, to hear and report on whether the defendant was advised by his attorney that he would be subject to a mandatory period of postrelease supervision and, if not, whether he would not have pleaded guilty if he had been so advised (see People v Melio, 304 AD2d 247 [2003]). The Supreme Court, Suffolk County (Mullen, J.), has conducted a hearing and filed its report with this Court.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to the crime of sexual abuse in the first degree and was sentenced to a determinate term of five years imprisonment. However, he was not advised by the Supreme Court that his sentence would include three years of postrelease supervision (see Penal Law § 70.45 [2]). On appeal, he contended, among other things, that postrelease supervision was a direct consequence of the plea and, therefore, the failure to inform him of that consequence entitled him to vacatur of his plea. This Court agreed that statutorily-mandated postrelease supervision is a direct consequence of a plea of guilty, but remitted the matter to the Supreme Court, Suffolk County, for a

hearing to determine whether the defendant was advised by his attorney that he would be subject to a mandatory period of postrelease supervision and, if not, whether the failure to advise him affected his decision to plead guilty (*see People v Melio, supra*). The hearing was held and the Supreme Court determined that although the defendant's attorney did not advise him that he would be subject to postrelease supervision, he was otherwise aware of postrelease supervision, and the failure to so advise him did not affect his decision to plead guilty.

Contrary to the defendant's contention, the record fully supports the Supreme Court's findings and conclusions and its determination should not be disturbed (*see People v Catu*, 2 AD3d 306 [2003]; *People v Faison*, 268 AD2d 487 [2000]; *People v Gordon*, 242 AD2d 640 [1997]).

The defendant's waiver of his right to appeal does not preclude review of his claim that his plea was not knowingly and voluntarily entered because he was not advised of the ramifications of the Sex Offender Registration Act (Correction Law art 6-C) (*see People v Hussain*, 309 AD2d 818 [2003], *lv denied* 1 NY3d 598 [2004]; *People v Vatore*, 303 AD2d 607 [2003]). However, his claim is unpreserved for appellate review as he did not move to withdraw his plea or vacate the judgment of conviction on that ground (*see People v Hussain, supra; People v Harrell*, 288 AD2d 489 [2001]).

The defendant's remaining contentions are without merit. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.