■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE T. VERE, Appellant. [843 NYS2d 378]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered December 8, 2005, convicting him of criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

While the defendant's challenge to the voluntariness of his plea survives his appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), it is without merit. The defendant contends that the County Court's failure to advise him of the ramifications of the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA) at his plea hearing renders his plea of guilty unintelligent and involuntary. We disagree.

The stated purpose of SORA "is predominantly regulatory (Bill Jacket, L 1995, ch 192, Senate Mem in Support, at 6; *see Doe v Pataki*, 120 F3d 1263, 1276-1277 [1997]; Greenberg, New York Criminal Law § 10.1, at 221). The Legislature's goals are to protect the public from the danger of recidivism posed by sex offenders, to assist the criminal justice system to identify, investigate, apprehend, and prosecute sex offenders, and to comply with the Federal Crime Control Act (Legislative Findings and Intent, L 1995 ch 192 § 1, McKinney's Cons Laws of NY, Book 10B, Correction Law § 168, 1997-1998 Pocket Part, at 83)" (*People v Stevens*, 91 NY2d 270, 275 [1998] [internal quotation marks omitted]). Pursuant to Correction Law § 168-d (1) (a), the court shall certify that a defendant is a sex offender based upon his or her conviction of certain enumerated offenses, and shall include the certification, which "is pronounced at sentence," in the judgment of conviction (*People v Hernandez*, 93 NY2d 261, 268 [1999]). However, like orders of protection issued at the sentencing proceeding (*see People v Nieves*, 2 NY3d 310, 316 [2004]), but unlike postrelease supervision, which is a component of a criminal defendant's sentence (*see People v Catu*, 4 NY3d 242, 245 [2005]), the SORA certification is not part of the sentence (*see People v Hernandez*, 93 NY2d 261, 268 [1999]; *People v Lisle-Cannon*, 31 AD3d 467, 468 [2006]).

Here, although the County Court did not warn the defendant during the plea allocution that he would be required to register as a sex offender, it did so during the course of sentencing. Since the certification was a collateral consequence of his conviction, the absence of such a warning did not undermine the

voluntariness of the defendant's plea (*see People v Dorsey*, 28 AD3d 351 [2006]; *People v Coss*, 19 AD3d 943 [2005]; *People v Clark*, 261 AD2d 97, 100 [2000]; *cf. People v Catu*, 4 NY3d 242 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]) and, in any event, the defendant has no basis to complain since the sentence was part of the negotiated plea agreement (*see People v Mejia*, 6 AD3d 630 [2004]; *see also People v Demosthene*, 21 AD3d 384, 385 [2005]; *People v Fanelli*, 8 AD3d 296 [2004]). Goldstein, J.P., Skelos, Fisher and Lifson, JJ., concur.