At the suppression hearing, the defendant did not raise the arguments he now raises on appeal as grounds for suppressing statements he made to the police at the police station. Accordingly, the defendant failed to preserve these arguments for appellate review (see CPL 470.05 [2]; People v Martin, 50 NY2d 1029 [1980]; People v Tutt, 38 NY2d 1011, 1013 [1976]). In any event, the defendant’s arguments are without merit (see People v Anderson, 42 NY2d 35, 38 [1977]; People v Berrios, 28 NY2d 361, 367 [1971]; People v Gega, 74 AD3d 1229 [2010]; People v James, 72 AD3d 844 [2010]; People v McCants, 67 AD3d 821, 823 [2009]; People v Alomar, 55 AD3d 617 [2008]; People v Osorio, 49 AD3d 562 [2008]).
The defendant’s contention that his plea of guilty was coerced is unpreserved for appellate review since he did not seek to vacate his plea or otherwise raise this issue before the Supreme Court (see CPL 470.05 [2]; People v Clarke, 93 NY2d 904, 905 [1999]; People v Perez, 51 AD3d 1043 [2008]). In any event, the defendant’s contention is without merit. The Supreme Court did not threaten to sentence the defendant to the maximum *813 term upon a conviction after trial, but only informed him of his possible sentence exposure were he to proceed to trial. Such remarks are informative, not coercive (see People v Strong, 80 AD3d 717 [2011]; People v Bravo, 72 AD3d 697, 698 [2010]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Angiolillo, J.E, Dickerson, Helen and Miller, JJ., concur.