Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered April 13, 2011, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant entered a plea of guilty after the Supreme Court directed a hearing on that branch of his omnibus motion which was to suppress evidence, but before the hearing was held. By pleading guilty before the court decided his motion to suppress evidence, the defendant forfeited appellate review of the issues raised in that motion (see CPL 710.70 [2]; People v Fernandez, 67 NY2d 686, 688 [1986]; People v Pappacena, 57 AD3d 1011 [2008]; People v Hussain, 309 AD2d 818, 818-819 [2003] ).
The defendant’s contention that he did not receive the effec *1029 tive assistance of counsel is not reviewable on this appeal, because it is based, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.