■ The People of the State of New York, Respondent, v Thomas Abdul Holcombe, Appellant. [983 NYS2d 875]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cacace, J.), rendered January 29, 2013, convicting him of failure to register or verify as a sex offender, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered because he was coerced by the Supreme Court and the prosecutor is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (*see* CPL 220.60 [3]; *People v Franco*, 104 AD3d 790 [2013]; *People v Foster*, 99 AD3d 812 [2012]; *People v Hackett*, 93 AD3d 807 [2012]). In any event, the defendant's contentions are without merit and belied by the record. The remarks made by the prosecutor during the plea proceeding regarding the maximum sentence that could be imposed for the crime of failure to register or verify as a sex offender were not coercive (*see People v Tavares*, 103 AD3d 820 [2013]; *People v Foster*, 99 AD3d at 812-813; *People v Strong*, 80 AD3d 717 [2011]).

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered because the Supreme Court did not adequately inform him of the consequences of his plea on a determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (*see People v Peque*, 22 NY3d 168, 183 [2013]; *People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Beckers*, 94 AD3d 774, 775 [2012]; *People v Vasquez*, 85 AD3d 1068 [2011]). In any event, the contention is without merit (*see People v Gravino*, 14 NY3d 546, 550, 559 [2010]).

The defendant's remaining contention is without merit (*see People v Barnett*, 68 AD3d 888 [2009]). Balkin, J.P., Lott, Roman and Miller, JJ., concur.