■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK P. BERNARDINI, Appellant. [36 NYS3d 827]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered February 19, 2014, convicting him of criminal sexual act in the first degree and forcible touching, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]).

The defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because the Supreme Court did not adequately inform him of the consequences of his plea on a determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Although this contention survives his valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), it is unpreserved for appellate review, since the defendant did not move to withdraw his plea

or otherwise raise this issue before the Supreme Court (*see People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Holcombe*, 116 AD3d 1063, 1064 [2014]; *People v Beckers*, 94 AD3d 774, 775 [2012]). We decline to review this issue in the exercise of our interest of justice jurisdiction.

The defendant's contentions concerning two orders of protection issued at the time of sentencing survive his valid waiver of the right to appeal (*see People v Kumar*, 127 AD3d 882, 883 [2015]; *People v Cedeno*, 107 AD3d 734, 734 [2013]). However, the defendant's contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]; *People v O'Connor*, 136 AD3d 945, 945 [2016]; *People v Fortier*, 130 AD3d 642, 643 [2015]), and we decline to review them in the exercise of our interest of justice jurisdiction.

Contrary to the defendant's contention, the record shows that he was afforded the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Caban*, 5 NY3d 143 [2005]; *People v Baldi*, 54 NY2d 137 [1981]). Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.