THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MEDINA, Appellant. [57 NYS3d 524]—Appeal by the defendant from a judgment of the County Court, Rockland County (Apotheker, J.), rendered February 10, 2014, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of three years plus three years of postrelease supervision.

Ordered that the judgment is modified, on the law, by vacating the period of postrelease supervision; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for resentencing in accordance herewith.

Contrary to the People's contention, since the County Court's colloquy with the defendant suggested that the right to appeal is automatically extinguished upon the entry of a plea of guilty,

---

the defendant's purported waiver of his right to appeal was invalid (see *People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Bennett*, 115 AD3d 973, 973 [2014]; *People v Jacob*, 94 AD3d 1142, 1143-1144 [2012]; *People v Mayo*, 77 AD3d 683, 683-684 [2010]) and does not preclude review of his claim that the sentence imposed was excessive. Moreover, even a valid waiver of the right to appeal does not preclude this Court from reviewing the defendant's further contention that the sentence was illegal (see *People v Lopez*, 6 NY3d at 255).

Upon his conviction of criminal possession of a controlled substance in the third degree, the defendant was sentenced, inter alia, to a period of postrelease supervision of three years. Under Penal Law § 70.45 (2) (b), the period of postrelease supervision applicable to a sentence imposed pursuant to Penal Law § 70.70 (2) for a conviction of criminal possession of a controlled substance in the third degree must be between one and two years. Therefore, the period of postrelease supervision imposed was illegal.

The remainder of the defendant's sentence was not excessive (see *People v Suitte*, 90 AD2d 80 [1982]).

Accordingly, we vacate the period of postrelease supervision imposed upon the defendant's conviction and remit the matter to the County Court, Rockland County, for resentencing to a proper period of postrelease supervision in accordance with Penal Law § 70.45 (2) (b). Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.