Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Murphy, J.), rendered August 15, 2016, convicting him of criminal sexual act in the third degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because the Supreme Court did not adequately inform him of the consequences of his plea on a determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). Although this contention survives his valid waiver of the right to appeal (see People v Bernardini, 142 AD3d 671 [2016]; People v Vere, 44 AD3d 690 [2007]; People v Melio, 6 AD3d 552, 553 [2004]; People v Hussain, 309 AD2d 818 [2003]), it is unpreserved for appellate review since the defendant did not move to withdraw his plea prior to the imposition of the sentence (see CPL 220.60 [3]; 440.10; People v Bernardini, 142 AD3d at 671; People v Magnotta, 137 AD3d 1303 [2016]; People v Holcombe, 116 AD3d 1063, 1064 [2014]; People v Smith, 85 AD3d 1065 [2011]; People v Torres, 54 AD3d 976, 977 [2008]; People v Melio, 6 AD3d at 553; People v Hussain, 309 AD2d at 818). In any event, the contention is without merit (see People v Gravino, 14 NY3d 546, 550 [2010]; People v Magnotta, 137 AD3d at 1303; People v Holcombe, 116 AD3d at 1064; People v Smith, 85 AD3d at 1065; People v Vere, 44 AD3d at 691).
 

 The defendant’s contentions relating to his designation as a level two sex offender after a SORA hearing are not properly before this Court. The notice of appeal was limited to the judgment of conviction, and therefore, this Court lacks jurisdiction to review the order issued in the civil SORA proceeding (see People v Mingo, 12 NY3d 563, 571 [2009]).
 

 Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.