People v Elgut (2018 NY Slip Op 06109)





People v Elgut


2018 NY Slip Op 06109


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-06901
 (Ind. No. 70/16)

[*1]The People of the State of New York, respondent,
v
Christopher Elgut, appellant.


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered May 1, 2017, convicting him of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), sexual abuse in the third degree (two counts), endangering the welfare of a child, and unlawful possession of marihuana, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256). The defendant's valid waiver of his right to appeal forecloses appellate review of his challenge to the factual sufficiency of his plea allocution (see People v Smith, 146 AD3d 904, 904; People v Thompson, 143 AD3d 1007, 1008).
The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered because the County Court did not adequately inform him of the Sex Offender Registration Act (see Correction Law art 6-C) consequences of his plea survives his valid waiver of the right to appeal (see People v Bernardini, 142 AD3d 671, 671; People v Vere, 44 AD3d 690, 691). However, the defendant's contention is not preserved for appellate review, as he did not move to withdraw his plea or otherwise raise this issue before the County Court (see People v Magnotta, 137 AD3d 1303, 1303; see also People v Christian, 156 AD3d 716, 716). We decline to review this issue in the exercise of our interest of justice jurisdiction.
The defendant's contention that the sentences imposed upon his convictions of sexual abuse in the third degree (two counts) and unlawful possession of marihuana were illegal survives his valid waiver of the right to appeal (see People v Jackson, 153 AD3d 726, 726-727; People v Medina, 151 AD3d 1082, 1082-1083). However, the defendant's challenges to the sentences imposed on the foregoing counts, which were made to run concurrently with the greater sentences he received upon his convictions of sexual abuse in the first degree (two counts), have been rendered academic because he has already fully served the challenged sentences (see People v Anderson, 168 AD2d 624, 625; see also People v Cole, 144 AD3d 699, 700; People v Nicholson, 31 AD3d 468, 469).
The defendant's contentions concerning the validity of an order of protection entered at the time of sentencing survive his valid waiver of the right to appeal (see People v Cedeno, 107 AD3d 734; see also People v Bernardini, 142 AD3d at 672; People v Kumar, 127 AD3d 882, 883). However, the defendant's contentions are unpreserved for appellate review, since he did not raise these issues at sentencing or move to amend the final order of protection (see People v O'Connor, 136 AD3d 945; People v Kumar, 127 AD3d at 883; see also People v Fortier, 130 AD3d 642, 643). We decline to reach the defendant's contentions regarding the order of protection in the exercise of our interest of justice jurisdiction, as "the better practice—and best use of judicial resources—is for a defendant seeking adjustment of [an order of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317).
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court