People v Miller (2018 NY Slip Op 07757)





People v Miller


2018 NY Slip Op 07757


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-06636
 (Ind. No. 1038/12)

[*1]The People of the State of New York, respondent,
v
Daniel Miller, appellant.


Daniel Miller, Stormville, NY, appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo Delligatti, J.), rendered June 16, 2015, convicting him of criminal sexual act in the first degree, kidnapping in the second degree, attempted criminal sexual act in the first degree (two counts), sexual abuse in the first degree (three counts), and facilitating a sex offense with a controlled substance (four counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court's oral colloquy with him regarding the waiver of the right to appeal established that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248; People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1; People v Stiles, 143 AD3d 747; People v Romero-Flores, 128 AD3d 1102; People v McRae, 123 AD3d 848, 848-849).
The defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because the Supreme Court did not adequately inform him of the consequences that his plea would have on a determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) or the Sex Offender Management and Treatment Act (Mental Hygiene Law § 10.01 et seq., as added by L 2007, ch 7; hereinafter SOMTA). While these contentions survive the defendant's valid waiver of the right to appeal, they are unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise these issues before the court (see CPL 470.05[2]; People v Christian, 156 AD3d 716; People v Madden, 112 AD3d 740, 741).
The defendant's contention that he was deprived of the effective assistance of counsel due to defense counsel's alleged failure to adequately advise him of all of SORA's and SOMTA's ramifications is based, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Hili, 158 AD3d 647, 648). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Hili, [*2]158 AD3d at 648; People v Freeman, 93 AD3d 805, 806).
The defendant's argument that Penal Law § 70.45 is unconstitutional is foreclosed by his valid waiver of the right to appeal (see People v Fisher, 121 AD3d 1013).
By pleading guilty, the defendant forfeited appellate review of his contention that his kidnapping conviction must be dismissed pursuant to the merger doctrine on the ground that the kidnapping conviction was a substantive part of the charged sex offenses and the charges of facilitating a sex offense with a controlled substance (see People v Hanley, 85 AD3d 659; People v Brown, 156 AD2d 204).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court