People v Ray (2019 NY Slip Op 07423)





People v Ray


2019 NY Slip Op 07423


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-06236

[*1]The People of the State of New York, respondent,
v
Ramon Ray, appellant. (S.C.I. No. 569/18)


Paul Skip Laisure, New York, NY (Samuel R. Feldman of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia Morris, J., at plea; Michelle Johnson, J., at sentence), rendered April 16, 2018, convicting him of burglary in the third degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bryant, 28 NY3d 1094; People v Sanders, 25 NY3d 337, 339-342; People v Batista, 167 AD3d 69, 75). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Bradshaw, 18 NY3d 257, 265; People v Lopez, 6 NY3d 248, 255-256).
The defendant's contentions concerning the validity of one of the six orders of protection issued against him at the time of sentencing survives his appeal waiver (see People v Seay, 172 AD3d 756, 757; People v Rodriguez, 157 AD3d 971, 971; People v Bernardini, 142 AD3d 671, 671). However, the defendant's contentions regarding that order of protection are unpreserved for appellate review (see People v Nieves, 2 NY3d 310, 315; People v Carryl, 169 AD3d 818, 820), and we decline to review them in the exercise of our interest of justice jurisdiction. "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
The defendant's remaining contention is without merit.
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court