People v Casanova (2019 NY Slip Op 07876)





People v Casanova


2019 NY Slip Op 07876


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-08779
 (Ind. No. 318/16)

[*1]The People of the State of New York, respondent,
v
Mario Casanova, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered July 18, 2017, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Bradshaw, 18 NY3d 257, 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 255; People v Stanley, 99 AD3d 955).
The defendant's contention regarding the order of protection issued at the time of sentencing survives his valid waiver of the right to appeal (see People v Castillo, 174 AD3d 918; People v Gibson-Parish, 153 AD3d 1273; People v Bernardini, 142 AD3d 671). However, the defendant's contention is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-318; People v O'Connor, 136 AD3d 945, 945), and we decline to review it in the exercise of our interest of justice jurisdiction. "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [a final order of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court