■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GRAHAM, Also Known as RICHARD TERRY, Appellant. —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Douglass, J.), rendered September 6, 1989, convicting him of attempted robbery in the first degree under Indictment Number 3577/89, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered September 6, 1989, convicting him of robbery in the first degree under Indictment Number 6248/89, upon his plea of guilty, and imposing sentence.

Ordered that the appeals are dismissed.

Following a trial, a jury found the defendant guilty of the crime of attempted robbery in the first degree under Indictment Number 3577/89. At sentencing thereon, the defense counsel informed the court that the defendant was ready to plead guilty to one count of robbery in the first degree in full satisfaction of Indictment Number 6248/89. As part of the plea bargain, the defendant explicitly waived his right to appeal to this court from both judgments of conviction. Indeed, the defendant expressly indicated that he wanted to bring both cases to an end and that he did not want to appeal. Moreover, the court did not accept the guilty plea until after it had fully explained to the defendant the nature of the right

that he was giving up and not until after it had assured itself that the defendant was sure that he wanted to waive his right to appeal.

The record reveals, therefore, that the defendant's waiver was knowing, intelligent and voluntary. The terms of the defendant's plea and sentencing bargain were placed on the record, were fair and were, in fact, extremely favorable to the defendant. Moreover, given the defendant's prior criminal background which included two prior felony convictions, the fact that he was certainly no stranger to the criminal justice system, and that he was represented by competent counsel, it is clear that he was well aware of his right to appeal and the significance of waiving it (see, People v Seaberg, 74 NY2d 1; People v Southwell, 158 AD2d 490). The appeals are therefore dismissed. Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.