■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered January 26, 1989, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of 8⅓ years to life imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of 5 years to life imprisonment; as so modified, the judgment is affirmed.

The record of the plea allocution, including direct colloquy with the defendant about the reasons he wished to plead guilty, repeated references by the defendant's attorney to waiver of the right to challenge on appeal a suppression ruling as part of the plea bargain, and a lengthy statement by the People as to why that condition was attached to the plea, demonstrates that the defendant's waiver was voluntary, knowing, and intelligent *(see, People v Seaberg*, 74 NY2d 1; *see also, People v Williams*, 36 NY2d 829, *cert denied* 423 US 873). We therefore do not reach the issue of whether the Supreme

Court's denial of the defendant's motion to suppress physical evidence was error *(see, People v Seaberg, supra; see also, People v Mitchell,* 90 AD2d 854).

However, we find the sentence imposed was excessive to the extent indicated herein. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.