■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID ROBINSON, Also Known as DAVID ROBERSON, Appellant.
—Appeal by the defendant from a judgment of the Supreme
Court, Queens County (Harbater, J.), rendered June 13, 1991,
convicting him of attempted criminal possession of a con-
trolled substance in the third degree, upon his plea of guilty,
and imposing sentence. The appeal brings up for review the
denial, after a hearing (Flug, J.), of that branch of the defen-
dant's omnibus motion which was to suppress physical evi-
dence.

Ordered that the judgment is affirmed, and the matter is
remitted to the Supreme Court, Queens County, for further
proceedings pursuant to CPL 460.50 (5).

In the instant case, at the outset of the plea proceedings,
the court specifically asked the defense counsel if he had

spoken to the defendant "about the appeal issue", i.e., the waiver of the right to appeal as part of the plea agreement, and the defense counsel replied, "That is not a problem". Later, the defendant acknowledged that he had had ample time to consult with his attorney before deciding to plead guilty and that he had discussed all aspects of the case with his attorney. During the course of the plea allocution, the court asked the defendant if he was "willing to sign a waiver of a Right to Appeal; that means this case is over, finished, never to be raised again by [you or] anybody else; do you understand that?", to which the defendant answered, "Yes". Thereafter, the defense counsel expressly stated that he had advised the defendant of his right to appeal and that the defendant had told him that he did not want to appeal. The court also read the waiver of the right to appeal form aloud to the defendant, and the defendant and his attorney executed the waiver form in the presence of the court. Under these circumstances, it is clear that the defendant's waiver of his right to appeal was knowing, intelligent, and voluntary (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1; People v Velasquez, 181 AD2d 751; People v Graham, 177 AD2d 505; People v Cicciari, 175 AD2d 255).

The defendant's plea of guilty was knowingly and voluntarily entered. Accordingly, we enforce the defendant's waiver and affirm the judgment (see, People v Callahan, supra). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.