■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CELARDO, Appellant. [605 NYS2d 915] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered October 17, 1991, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

During the plea proceeding, the defendant unequivocally waived his right to challenge on appeal both the conviction and the sentence. Contrary to the defendant's contentions, his appeal is not based upon a challenge to the legality of the sentence imposed, nor to the power of the court to impose the sentence. Rather, he challenges the bargained-for sentence on the ground that it was excessive. However, "except where the very power of the court is implicated, appellate challenges to the procedures utilized in determining and imposing sentence are forfeited if they are not raised in a timely manner before the trial court as required by CPL 470.05 (2) * * * A fortiori, such challenges may effectively be waived by a voluntarily and intelligently made agreement entered into in connection with a sentence or plea bargain" *(People v Callahan,* 80 NY2d 273, 281; *see, People v Allen,* 82 NY2d 761). The defendant never disputed the sentence before the County Court.

The defendant does not claim that the waiver is constitutionally defective or that the waiver is against public policy. Accordingly, the judgment is affirmed, since there are no reviewable issues which have not been superseded by the defendant's waiver of the right to appeal *(see, People v Callahan, supra,* at 285; *People v Robinson,* 188 AD2d 622). Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.