■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL McCABE, Appellant. [734 NYS2d 896] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 19, 2000, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY McCLEARY, Appellant. [734 NYS2d 896] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 19, 2000, convicting her of criminal sale of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Krausman, J. P., Luciano, Smith and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORTIZ, Appellant. [734 NYS2d 897] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 9, 1999, convicting him of burglary in the second degree and menacing in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant entered into a plea agreement pursuant to which he knowingly, intelligently, and voluntarily waived his right to appeal his conviction and withdrew all motions. Accordingly, the plea agreement effectively foreclosed appellate review (*see, People v Hidalgo,* 91 NY2d 733; *People v Allen,* 82 NY2d 761; *People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1, 10; *People v Celardo,* 198 AD2d 428). Friedmann, J. P., Smith, Adams and Townes, JJ., concur.