■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BALLINGER, Appellant. [785 NYS2d 121]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 24, 2001, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that on the court's own motion, the judgment roll is enlarged to include the notice of motion to vacate the judgment of conviction pursuant to CPL 440.10 and the affirmation of Michele Marte-Indzonka in support thereof, both dated November 27, 2003, the defendant's affidavit in support of the motion, sworn to on December 9, 2003, and the affidavit of Catherine A. Walsh, in opposition to the motion, sworn to on January 12, 2004; and it is further,

Ordered that the matter is remitted to the County Court, Orange County, to hear and report with all convenient speed in accordance herewith; and it is further,

Ordered that the appeal is held in abeyance in the interim.

The defendant pleaded guilty to the crime of robbery in the first degree on September 17, 2001, with a promise that he would be sentenced to no more than 15 years imprisonment. He was sentenced on October 24, 2001, to a determinate term of 10 years imprisonment, and was required to pay restitution and a surcharge. He appeals, contending that he was not informed that he would also be sentenced to a period of five years postrelease supervision. Although he waived the right to appeal, a challenge to the voluntariness of the plea survives a waiver of the right to appeal (*see People v Seaberg,* 74 NY2d 1, 10 [1989]), and the issue is preserved by the defendant's motion in the trial court to withdraw the plea (*see People v Melio,* 304 AD2d 247 [2003]).

Due process requires that a defendant, before pleading guilty, understand the consequences of the plea (*see People v Harris,* 61 NY2d 9, 19 [1983]). The record must demonstrate that the defendant made a knowing, voluntary, and intelligent choice among the alternatives available to him (*see North Carolina v Alford,* 400 US 25, 31 [1970]). While a court need not engage in a particular litany, the record must establish that a defendant was advised of the direct consequences of pleading guilty (*see People v Ford,* 86 NY2d 397, 403 [1995]). The period of postrelease supervision is a mandatory statutory requirement, and is therefore a direct consequence of the plea (*see People v Melio, supra* at 250).

There is insufficient evidence in the record to confirm that

the defendant was informed that a period of postrelease supervision would be imposed. However, the court's failure to inform a defendant of postrelease supervision may constitute harmless error where the failure to do so does not affect the defendant's decision to plead guilty (*see People v Catu,* 2 AD3d 306 [2003]). The defendant was promised a sentence of 15 years imprisonment or less, and was sentenced to 10 years imprisonment and a five-year period of postrelease supervision, which casts doubt upon his contention that he would not have pleaded guilty if he had been informed that he would receive a period of post-release supervision. As factual questions exist as to whether the defendant would have pleaded guilty had he been advised of the postrelease supervision, we remit the matter to the County Court, Orange County, for a determination following a hearing as to whether the defendant was informed of the postrelease supervision prior to the date of sentence, and if not, whether the defendant would not, in fact, have pleaded guilty had he been so informed. If the court determines, under all the circumstances of this case, that the defendant would not have pleaded guilty if he had been advised that he would be subject to postrelease supervision, then he should be given an opportunity to withdraw his plea. Santucci, J.P., S. Miller, Smith, Cozier and Fisher, JJ., concur.