■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARPER, Appellant. [958 NYS2d 627]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Gerald, J.), imposed July 26, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

As the defendant correctly contends, he did not validly waive his right to appeal (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]). However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Chambers and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AASIM JOSEPH, Appellant. [959 NYS2d 261]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered January 17, 2012, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim with respect to the voluntariness of the plea survives even a valid waiver of the right to appeal (*see People v Cohen*, 100 AD3d 919 [2012]; *People v McLean*, 77 AD3d 684, 684 [2010]). However, the transcript of the plea proceeding demonstrates that prior to the defendant's plea, the County Court ensured that the defendant understood the specific period of postrelease supervision which would follow his term of incarceration under the terms of the plea agreement (*compare People v Boyd*, 12 NY3d 390, 393 [2009]; *People v Hill*, 9 NY3d 189, 192 [2007], *cert denied* 553 US 1048 [2008]; *People v Louree*, 8 NY3d 541, 545 [2007]; *People v Catu*, 4 NY3d 242, 244 [2005]). Accordingly, contrary to the defendant's contention, his plea of guilty was knowingly, voluntarily, and intelligently entered (*see generally People v Figueroa*, 100 AD3d 1016 [2012]). Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.