■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVONE MURRELL, Appellant. [22 NYS3d 600]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered February 10, 2012, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Although the defendant validly waived his right to appeal, his claim with respect to the voluntariness of the plea survives such a waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Murphy*, 114 AD3d 704, 705 [2014]; *People v Joseph*, 103 AD3d 665 [2013]; *People v Ballinger*, 12 AD3d 686, 687 [2004]).

As the People correctly concede, the Supreme Court's failure to advise the defendant at the time of his plea that his sentence would include a period of postrelease supervision prevented his plea from being knowing, voluntary, and intelligent (*see People v Catu*, 4 NY3d 242, 245 [2005]; *see also People v Cornell*, 16 NY3d 801, 802 [2011]; *People v Hill*, 9 NY3d 189, 191 [2007]). Accordingly, the judgment must be reversed, the plea vacated, and the matter remitted to the Supreme Court, Nassau County, for further proceedings (*see People v Fuertes*, 105 AD3d 974, 975 [2013]; *People v Campbell*, 102 AD3d 979 [2013]; *People v Weichow*, 96 AD3d 883, 884 [2012]).

The defendant's remaining contention has been rendered academic in light of our determination. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.