█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARAH CAMARDA, Appellant. [29 NYS3d 511]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered April 24, 2014, convicting her of criminal possession of a controlled substance in the third degree, upon her plea of guilty, and sentencing her to a determinate term of imprisonment of seven years, followed

by a period of postrelease supervision, and a fine in the sum of $5,000.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the determinate term of imprisonment imposed from seven years to 3½ years and the fine imposed from $5,000 to $1,000; as so modified, the judgment is affirmed.

The defendant contends that her plea of guilty was not knowing, voluntary, or intelligent because the County Court failed to inquire whether she had consulted with her attorney about the constitutional rights under *Boykin v Alabama* (395 US 238 [1969]) that she was forfeiting by pleading guilty. While this issue would survive a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Murphy*, 114 AD3d 704, 705 [2014]; *People v Joseph*, 103 AD3d 665 [2013]; *People v Ballinger*, 12 AD3d 686, 687 [2004]), it is nonetheless unpreserved for appellate review, since the defendant did not move to vacate her plea prior to the imposition of sentence or otherwise raise the issue in the County Court (*see People v Sirico*, 135 AD3d 19, 22 [2015]; *People v Isaiah S.*, 130 AD3d 1081 [2015]; *People v Bennett*, 122 AD3d 871, 872 [2014]). In any event, since the County Court expressly advised the defendant of the *Boykin* rights and other constitutional rights that she was waiving by pleading guilty, and the record affirmatively demonstrates the defendant's understanding and waiver of these constitutional rights, we find that the plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Harris*, 61 NY2d 9, 19-20 [1983]; *People v Sirico*, 135 AD3d at 22; *People v Isaiah S.*, 130 AD3d at 1082; *People v Jackson*, 114 AD3d 807, 807-808 [2014]).

While a defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]), here, the Court is not precluded from exercising its interest of justice jurisdiction, since the defendant's purported waiver of her right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to her plea of guilty (*see People v Moyett*, 7 NY3d 892, 893 [2006]; *People v Lopez*, 6 NY3d at 257; *People v Gordon*, 127 AD3d 1230, 1231 [2015]; *People v Cantarero*, 123 AD3d 841, 841 [2014]; *People v Ayala*, 112 AD3d 646 [2013]). Furthermore, although the defendant executed a written appeal waiver form, there is no indication on the record that the County Court obtained an acknowledgment from the defendant

that she had, in fact, signed the waiver or, if she had, she was aware of its contents or discussed it with defense counsel (*see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Gordon*, 127 AD3d at 1231; *People v Brown*, 122 AD3d 133, 145 [2014]). Accordingly, despite the defendant's execution of a written waiver of her right to appeal, she did not knowingly, voluntarily, or intelligently waive her right to appeal (*see People v Elmer*, 19 NY3d at 510; *People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Callahan*, 80 NY2d at 283).

The sentence imposed was excessive to the extent indicated herein (*see People v Gordon*, 132 AD3d 904 [2015]; *People v Velasquez*, 181 AD2d 751 [1992]; *People v Irby*, 95 AD2d 839 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.