The People of the State of New York, Respondent, 
against
Jose Ayala, Appellant.




John Savoca, Esq., for appellant.
District Attorney Westchester County (Hae Jin Liu and Jennifer Spencer of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Bronxville, Westchester County (George C. McKinnis, J.), rendered October 15, 2014. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated (common law).




ORDERED that the judgment of conviction is affirmed.
On May 31, 2014, the People charged defendant, in separate simplified traffic informations, with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), and driving across double yellow lines (Vehicle and Traffic Law § 1128 [d]), respectively. On October 15, 2014, pursuant to a plea and sentencing agreement that had been negotiated over a period of several weeks, defendant appeared with counsel and pleaded guilty to driving while intoxicated (common law) in satisfaction of the outstanding charges and was immediately sentenced to a period of incarceration. In the course of the plea colloquy, defendant stated that he understood that, by virtue of his guilty plea, he forfeited his right to a jury trial, and that he was waiving his right to appeal. Defendant executed a misdemeanor waiver of rights form which included a recitation of trial-related constitutional rights forfeited by a guilty plea, a waiver of the right to appeal, and the statements that defendant had ample time to consult with counsel before pleading guilty and that he was satisfied with the representation of his counsel.
On appeal, defendant argues that the trial record is insufficient to establish a valid waiver of the right to appeal, and that his guilty plea was not knowingly, voluntarily and intelligently entered, given that, aside from a single reference to a jury trial, he was never apprised of important constitutional trial-related rights he was forfeiting by pleading guilty (see Boykin v [*2]Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359 [2013]). We agree that defendant's Boykin/Tyrell claim is preserved for appellate review because, having pleaded guilty and sentenced in the same proceeding, defendant had "no opportunity to withdraw the plea before imposition of the sentence" (People v Conceicao, 26 NY3d 375, 382 [2015]; e.g. People v Sabino, 51 Misc 3d 142[A], 2016 NY Slip Op 50675[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; cf. People v Mero-Lopez, 51 Misc 3d 137[A], 2016 NY Slip Op 50577[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Further, inasmuch as the contention "concern[s] the voluntariness of [a] plea of guilty" (People v Molina, 146 AD3d 815, 815 [2017]), it is a claim which, if preserved, survives a valid waiver of the right to appeal (see People v Bond, 146 AD3d 1155 [2017]; People v May, 138 AD3d 1146, 1146 [2016]; People v Camarda, 138 AD3d 884, 885 [2016]; People v Samuel, 49 Misc 3d 130[A], 2015 NY Slip Op 51413[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also People v Pacherille, 25 NY3d 1021, 1022 [2015] ["(G)enerally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to the very heart of the process"] [internal quotation marks and citations omitted]). As the voluntariness of a guilty plea is one of those constitutional rights, we need not address the validity of the appeal waiver.
"[A] discussion of [the Boykin] rights is [not] invariably required where the record shows . . . that an accused intelligently and understandingly rejected his constitutional rights" (People v Conceicao, 26 NY3d at 383), and "a valid waiver can be established where . . . the defendant consulted with [his or her] attorney about the constitutional consequences of a guilty plea" (People v Sougou, 26 NY3d 1052, 1055 [2015]). Here, defendant stated that he understood that, by pleading guilty, he forfeited the right to a jury trial, and defendant's counsel assured the court that he had reviewed the misdemeanor waiver of rights form with defendant and that defendant had indicated to him that he had no questions with respect to it. Defendant affirmed counsel's representations with respect to the form, and otherwise informed the court that his plea was voluntary, that he was guilty of the offense to which he pleaded, and that he understood the consequences of the plea, including his exposure to deportation. Viewed as a whole, the record establishes that defendant's plea was constitutionally valid (see People v Perez, 116 AD3d 511, 511-512 [2014], affd 26 NY3d 375 [2015]; People v Ackridge, 46 Misc 3d 143[A], 2015 NY Slip Op 50184[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Barricella, 49 Misc 3d 130[A], 2015 NY Slip Op 51418[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment of conviction is affirmed. 
Marano, P.J., Garguilo and Brands, JJ., concur.

Decision Date: June 01, 2017