■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVONE MURRELL, Appellant. [58 NYS3d 162]—Motion by the defendant (1) to amend his notice of appeal to include, in addition to the judgment of conviction under Nassau County indictment No. 562/11, two additional judgments of conviction rendered February 10, 2012, under Nassau County indictment Nos. 717/11 and 937/11, respectively, and (2) to amend the decision and order of this Court dated January 20, 2016, to include the two additional judgments of conviction.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the notice of appeal is deemed amended to include the judgments of conviction under Nassau County indictment Nos. 717/11 and 937/11; and it is further,

Ordered that the Decision and Order of this Court dated January 20, 2016 (*People v Murrell*, 135 AD3d 882 [2016]), in the above-entitled action is recalled and vacated (*see* 2017 NY Slip Op 83046[U] [2017] [decided simultaneously herewith]), and the following decision and order is substituted therefor, nunc pro tunc to January 20, 2016:

Appeals by the defendant from three judgments of the Supreme Court, Nassau County (Berkowitz, J.), all rendered February 10, 2012, convicting him of burglary in the second degree under indictment No. 562/11, criminal mischief in the third degree under indictment No. 717/11, and assault in the second degree under indictment No. 937/11, respectively, upon his pleas of guilty, and imposing sentences.

Ordered that the judgment rendered February 10, 2012, convicting the defendant of burglary in the second degree under Nassau County indictment No. 562/11 is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings; and it is further,

Ordered that the judgment rendered February 10, 2012, convicting the defendant of assault in the second degree under Nassau County indictment No. 937/11 is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings; and it is further,

Ordered that the judgment rendered February 10, 2012, convicting the defendant of criminal mischief in the third degree under Nassau County indictment No. 717/11 is affirmed.

Although the defendant validly waived his right to appeal, his claim with respect to the voluntariness of the pleas survives such a waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Murphy*, 114 AD3d 704, 705 [2014]; *People v Joseph*, 103 AD3d 665 [2013]; *People v Ballinger*, 12 AD3d 686, 687 [2004]).

The Supreme Court's failure to advise the defendant at the time of his pleas that both his sentence on the burglary conviction and his sentence on the assault conviction would include a period of postrelease supervision prevented his pleas to those crimes from being knowing, voluntary, and intelligent (*see People v Catu*, 4 NY3d 242, 245 [2005]; *see also People v Cornell*, 16 NY3d 801, 802 [2011]; *People v Hill*, 9 NY3d 189, 191 [2007]). Accordingly, the judgments convicting the defendant of burglary in the second degree under indictment No. 562/11 and assault in the second degree under indictment No. 937/11 must be reversed, those pleas vacated, and the matters remitted to the Supreme Court, Nassau County, for further proceedings (*see People v Fuertes*, 105 AD3d 974, 975 [2013]; *People v*

*Campbell*, 102 AD3d 979 [2013]; *People v Weichow*, 96 AD3d 883, 884 [2012]).

Contrary to the defendant's contention, however, the Supreme Court was not required to advise him at the time of his pleas that his sentence on the conviction of criminal mischief in the third degree would include a period of post-release supervision, since the defendant faced an indeterminate term of imprisonment with respect to that conviction. Therefore, the court's failure to so advise the defendant with respect to his criminal mischief conviction did not render that plea unknowing, involuntary, or unintelligent (*see People v Catu*, 4 NY3d at 245).

The defendant's remaining contention has been rendered academic in light of our determination. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.