People v Martinez (2018 NY Slip Op 01619)





People v Martinez


2018 NY Slip Op 01619


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-03333
2016-03334

[*1]The People of the State of New York, respondent,
v
Emilio Martinez, appellant. (Ind. Nos. 254-10, 232-15)


Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant.
Timothy Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Stephen Braslow, J.), both rendered April 30, 2015, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), aggravated unlicensed operation of a motor vehicle in the first degree, and violation of Vehicle and Traffic Law § 1128(a) under Indictment No. 254-10, and driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), resisting arrest, and violations of Vehicle and Traffic Law §§ 1128(a) and 1227 under Indictment No. 232-15, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the People's contention, the defendant's waiver of the right to appeal does not preclude him from making the arguments raised on appeal, as a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Broccoli, 152 AD3d 536; People v Solis, 111 AD3d 654, 655; People v Joseph, 103 AD3d 665). However, the defendant's contention that his pleas were not knowingly, voluntarily, and intelligently entered because of the chronology in which the County Court conducted the plea allocution is unpreserved for appellate review (see CPL 220.60[3]; People v Williams, 27 NY3d 212, 221-222; People v Tyrell, 22 NY3d 359, 363) and, in any event, without merit (see generally People v Sougou, 26 NY3d 1052, 1054-1055; People v Conceicao, 26 NY3d 375, 382-383). The defendant's contention that the court erred in accepting his plea because certain statements he made to the court negated elements of certain offenses is also unpreserved for appellate review. Accepting that his remarks triggered the court's duty to conduct a further inquiry to ensure that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Lopez, 71 NY2d 662, 666), the plea minutes demonstrate that the court properly conducted such an inquiry at each instance. Having failed to move thereafter to withdraw his plea, the defendant waived any further challenge to the allocution and, thus, his contention is unpreserved for appellate review (see People v McNair, 13 NY3d 821, 823). In any event, the record demonstrates that the defendant's plea was knowingly, [*2]voluntarily, and intelligently entered (see People v Lopez, 71 NY2d at 666; People v Broccoli, 152 AD3d at 536).
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court