People v Manzanales (2019 NY Slip Op 01619)





People v Manzanales


2019 NY Slip Op 01619


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-11720
 (Ind. No. 610/12)

[*1]The People of the State of New York, respondent,
v
Modesto Manzanales, appellant.


Judah Maltz, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (David P. Sullivan, J.), rendered March 16, 2017, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent. Since this issue would survive a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Camarda, 138 AD3d 884, 885; People v Ferguson, 113 AD3d 874, 874), we do not consider the validity of the defendant's purported appeal waiver. The defendant's contention concerning the validity of the plea of guilty is, nonetheless, without merit. The Supreme Court expressly advised the defendant of the rights that he was waiving by pleading guilty, and the record affirmatively demonstrates the defendant's understanding and waiver of those rights (see People v Camarda, 138 AD3d at 885).
Although the record reflects that the defendant had a history of mental impairment, his responses during the plea proceeding were coherent and appropriate, and there is no basis in the record to support a conclusion that, at the time of the plea proceeding, the defendant lacked an understanding of the nature or the consequences of his plea of guilty (see People v DeBenedetto, 120 AD3d 1428, 1429; People v Brooks, 89 AD3d 747, 747-748; People v Rodriguez, 83 AD3d 449). To the extent that the defendant relies on events subsequent to the judgment of conviction and a subsequent psychological evaluation to support his argument on appeal, that material is dehors the record and may not be considered on a direct appeal from the judgment (see People v Stevens, 162 AD3d 1077, 1078; People v King, 161 AD3d 772, 775; People v Bethea, 159 AD3d 710, 713; People v Geritano, 158 AD3d 724, 725).
Contrary to the defendant's contention, the record also reflects that, before accepting the defendant's plea, the Supreme Court properly advised the defendant that a plea of guilty could lead to deportation or the denial of naturalization (see People v Peque, 22 NY3d 168, 176), and confirmed that the defendant had had sufficient opportunity to consult with counsel and was satisfied with counsel's representation (cf. People v May, 138 AD3d 1146, 1146).
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court