People v Dillon (2021 NY Slip Op 03607)





People v Dillon


2021 NY Slip Op 03607


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2020-07193
 (Ind. No. 1003/18)

[*1]The People of the State of New York, respondent,
v
Keith Dillon, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Joyce Smith, Acting District Attorney, Mineola, NY (Rebecca L. Abensur and Sarah Nadeau-Balducci of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered September 6, 2019, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(a), assault in the second degree, and aggravated vehicular assault, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The Supreme Court failed to advise the defendant at the time of his plea of guilty to three counts of the indictment that he would be sentenced upon his conviction of assault in the second degree to a period of postrelease supervision. Under the circumstances, the defendant's plea of guilty was not knowing, voluntary, and intelligent, and therefore, must be vacated (see People v Catu, 4 NY3d 242, 245). Contrary to the People's contention, the defendant's plea of guilty to each count must be vacated, since the counts are all part of one indictment and one judgment, and the sentences imposed were to run concurrently with each other (see People v Robinson, 160 AD3d 774; People v Puntervold, 60 AD3d 1090; People v Sellers, 222 AD2d 941; cf. People v Murrell, 153 AD3d 730, 732).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions either are without merit or need not be addressed in light of our determination.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court